535 So.2d 1152 (1988)
James A. MARTIN, Plaintiff/Appellant,
v.
MIDAS MUFFLER SHOP and Commercial Union Insurance Company, Defendants/Appellees.
No. 20087-CA.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1988.
*1153 Milton Dale Peacock, Monroe, for plaintiff/appellant.
Theus, Grisham, Davis & Leigh by J. Michael Hart, Sharon W. Ingram, Monroe, for Midas Muffler Shop and Commercial Union Ins. Companies.
J. Bachman Lee, Monroe, for State Farm Mut. Auto. Ins. Co.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
After settling with the third party tortfeasor's insurer without giving written notice to his employer, the worker's compensation claimant sued the employer and its insurer for compensation benefits, penalties and attorney fees. From a judgment rejecting his demands, plaintiff appealed. The appeal was answered to preserve a third party demand against the tortfeasor's insurer.
Martin, an employee of Midas Muffler Shop ("Midas"), during the course and scope of his employment was injured because of the fault of a third party tortfeasor on February 7, 1986. The injury was reported to the employer and it was suggested that Martin see a chiropractor. Upon examination, it was determined that Martin's injury would require his being off from work for an indeterminate period.
Martin advised his employer's manager of the chiropractor's conclusion and inquired about worker's compensation. The manager, Christy, responded by paying Martin a week's wages. A week later Martin returned to Christy for additional funds but was refused, was told that the third party tortfeasor was responsible, and was advised to contact the employer's attorney for representation on his tort claim.
Instead, Martin retained another lawyer to represent him in the collection of worker's compensation benefits and tort damages. Both that attorney and his secretary contacted Christy about Martin's worker's compensation claim, but Christy refused to furnish them the name of Midas' compensation carrier.
Martin subsequently terminated the contract with his attorney. On April 28, 1986, unrepresented by legal counsel, Martin settled with the third party tortfeasor's insurer, State Farm, for $8,000, without a breakdown as to the elements of damage. No written notice of this settlement was given to the employer or its worker's compensation carrier, Commercial Union Insurance Company.
Martin later retained another attorney who filed this suit on August 18, 1986.
At the trial, the parties stipulated that plaintiff was temporarily totally disabled from February 7, 1986 until July 12, 1986; that his worker's compensation for this period would have been $150 per week for a total of $3300; and that his medical expenses were $3723.
*1154 At the trial, Martin testified that the accident happened on a Friday and, after seeing the chiropractor, he returned to his place of employment on the following Monday to discuss the matter with Christy. Upon inquiry about worker's compensation, Christy suggested they "wait a bit" and gave him a check for a week's wages. Martin returned a week later for another check. According to Martin, Christy told him "that he was not responsible for me getting hurt because the person that was responsible was the lady driving the car. He said, therefore, you should get your money from State Farm."
When Martin again stated his desire to draw worker's compensation, Christy advised him to contact Christy's attorney to pursue his tort claim. It was at that time that Martin decided to retain another attorney. That lawyer's secretary testified she contacted Christy and asked if he had filed a report of the accident with the Worker's Compensation Administration. "He said no, that he had not. He further stated that he wasn't going to. He said that the woman that hit him in the car was liable for his injuries and he wasn't paying anything." Christy also refused to divulge the name of Midas' compensation carrier.
In his testimony Christy acknowledged that Martin spoke to him about a week after the accident concerning worker's compensation. "I told Mr. Martin that in my opinion it wasthat State Farm was liable for his accident and they should be the ones that had to pay." Christy said Martin subsequently called him, requesting worker's compensation.
In written reasons for judgment, the trial judge stated that 1) plaintiff was not entitled to recover worker's compensation payments because double recovery is prohibited and plaintiff had already collected from the tortfeasor's insurer, and 2) as to penalties and attorney fees, "although this Court feels that the actions by Mr. Christy in refusing to divulge the name of his compensation insurer and/or to pay compensation benefits was an arbitrary and unreasonable act, nevertheless there is no evidence showing that the plaintiff, either individually or through counsel, demanded compensation benefits." Consequently, this demand was also rejected.
Plaintiff-appellant phrased the issue on appeal as:
"Does an employee who is entitled to worker's compensation benefits lose that right when he fails to give his employer the notice of settlement set forth in La. R.S. 23:1102(B), although the employer has steadfastly rejected the employee's claim for worker's compensation benefits, demanding that the employee in fact do what he didsettle with the third party tortfeasor?"
Worker's Compensation Benefits
La.R.S. 23:1102(B) provides that the claimant-employee who settles with a third party without first giving written notice to the employer thereby waives and forfeits the right to future compensation, including medical expenses. Plaintiff argues that the written notice was not necessary in this case since the employer had actual knowledge that plaintiff was negotiating with the tortfeasor's insurer. Furthermore, he asserts that only future benefits are affected.
The critical question is whether the claimant is permitted to obtain double recoveryboth in worker's compensation and tortfor his injury. Since plaintiff did not offer evidence to the contrary, we assume that his settlement with State Farm covered loss of wages.
The court in Booth v. Travelers Ins. Co., 217 So.2d 483 (La.App. 1st Cir.1968), writ denied, 253 La. 869, 220 So.2d 456 (La. 1969); citing Geter v. Travelers Ins. Co. of Hartford, 79 So.2d 120 (La.App. 1st Cir. 1955), pointed out:
"A mere reading of the Louisiana Workmen's Compensation Law, LSA-R.S. 23:1101-23:1103, reveals that the statute does not contemplate a full double recovery by an injured employee in both tort and workmen's compensation. The statute provides, in the words of Mr. Malone at Page 470 of his book entitled `Louisiana Workmen's Compensation Law and Practice,' that the victim should *1155 not be entitled both to full damages and to compensation."
In view of this public policy prohibiting double recovery for both worker's compensation and damages, we hold that by settling with State Farm, Martin not only waived his right to future worker's compensation benefits, but also to collect those that might have been due prior to the settlement but had not been paid.
Therefore, the trial judge correctly decided this issue.
Statutory Penalties and Attorney Fees
An employee who is temporarily totally disabled is entitled to worker's compensation benefits if his disability is work-related, even if the injury is the sole fault of a third party tortfeasor. La.R.S. 23:1101. The first installment of worker's compensation is payable and due on the 14th day after the employer has knowledge of the employee's injury. La.R.S. 23:1201(B). The concept of the compensation statutes is to provide a prompt but limited recovery to an injured worker from his employer, leaving the worker free to seek more extensive damages from a third party tortfeasor. Malone and Johnson, 14 Louisiana Civil Law TreatiseWorker's Compensation, § 368.
A refusal to pay lawfully owed compensation benefits when such refusal has been arbitrary or without reasonable cause subjects the employer to additional liability in the form of penalties and attorney fees unless the non-payment resulted from conditions beyond the control of the employer or the insurer, or the insurer or the employer reasonably controvert the employee's claim. La.R.S. 23:1201, 1201.2; Chelette v. American Guaranty & Liability Ins., 480 So.2d 363 (La.App. 3d Cir.1985).
As pointed out in Stevenson v. Bolton Co., Inc., 484 So.2d 678, 685, writ denied, 489 So.2d 247 (La.1986), the purpose of the penalty and attorney fee provision of the worker's compensation law is to require the employer or the insurer to pay timely the benefits owed to the employee and to avoid the necessity of the employee retaining the services of an attorney to file suit. The absence of written notice to an employer of compensable injury cannot prevent collection of penalties where the employer had actual and immediate knowledge of the claimant's injury, and refusal was not based on absence of notice. Further, notice to the employer is construed as notice to the insurer for purposes of invoking penalties and attorney's fees in these cases. La.R.S. 23:1162(C); Antoine v. Houston Fire & Casualty Co., 232 So.2d 588 (La. App. 3d Cir.1970).
Appellees argue that the trial judge correctly denied the claim for penalties and attorney fees because the employee never actually filed a written notice nor made a formal demand for worker's compensation benefits.
We note, first, that within a few days following the injury the employee advised the employer he desired worker's compensation benefits. Christy, the employee's immediate supervisor, conceded this. Refusal to pay worker's compensation was not based upon lack of notice of the injury or claim. Instead, the employer directed the employee to proceed against the third party tortfeasor, thereby subverting the purpose of our worker's compensation laws. This tactic necessitated that the employee retain an attorney to pursue his claims.
Consequently, the plaintiff is entitled to a 12% penalty on each weekly compensation payment from due date until the date of the settlement with the tortfeasor, and to reasonable attorney fees.
Conclusion
For the reasons set forth, the judgment of the trial court is REVERSED and there is judgment in favor of the plaintiff, James Martin, and against the defendants, Midas Muffler Shop and Commercial Union Insurance Company, in solido, for a 12% penalty on each weekly worker's compensation payment from due date until April 28, 1986, and for an attorney fee of $3500, together with legal interest from date of this judgment until paid; and for all court costs, both in the trial court and on appeal.