648 So.2d 1037 (1994)
Charles E. GORDON
v.
WASTE MANAGEMENT OF NEW ORLEANS (RESIDENTIAL).
No. 94-CA-1252.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
Rehearing Denied February 15, 1995.
*1038 Charles J. Duhe, Jr., Adams & Reese, Baton Rouge, for defendant/appellant.
Edmond R. Eberle, New Orleans, for plaintiff/appellee.
Before KLEES, LOBRANO and WALTZER, JJ.
LOBRANO, Judge.
Plaintiff, Charles Gordon, filed a claim for worker's compensation benefits against his employer, Waste Management of New Orleans (Residential), formerly American Waste and Pollution Control Company, for injuries suffered in an October 13, 1989 vehicular collision which occurred during the course and scope of plaintiff's employment with the defendant. Defendant's worker's compensation insurance carrier, Transportation Insurance Company, paid weekly compensation benefits and all of plaintiff's medical expenses until August 20, 1991 when all payments were stopped by the insurer. Plaintiff then filed a disputed claim for benefits with the Louisiana Office of Worker's Compensation.
Following a hearing, the hearing officer ruled in favor of plaintiff and against Waste Management of New Orleans and Transportation Insurance Company finding that plaintiff is temporarily totally disabled pursuant to R.S. 23:1221(1) as a result of the October 13, 1989 accident. The defendants were ordered *1039 to immediately reinstate payment of weekly compensation benefits and to make back payments of benefits for the period from August 20, 1991 to the date of judgment. Defendants were ordered to pay all of plaintiff's medical and hospital expenses incurred or to be incurred for the care and treatment of his disability including expenses incurred for the services of a psychiatrist, Dr. John Bick, and for two in-patient hospitalizations for psychiatric care.
The hearing officer also found that Transportation Insurance Company was arbitrary and capricious in terminating plaintiff's compensation payments in August 1990 and in refusing to pay his medical and hospital expenses. Defendant was ordered to pay plaintiff attorney's fees of $5,000.00 and a statutory penalty of 12% interest on all past due compensation benefits.
Also at issue before the hearing officer was defendants' claim for a credit or setoff against their future compensation liability as a result of plaintiff's settlement in a third party tort suit arising from the same October 13, 1989 accident. Defendants had intervened in that suit and also settled with the tortfeasor. In response to the claim for credit, the hearing officer concluded that the Office of Worker's Compensation does not have subject matter jurisdiction over that issue. Citing R.S. 23:1310.3(E) and R.S. 23:1101(D), the hearing officer held that jurisdiction over that issue rests with the trial judge who presided over the third party tort suit in Orleans Parish Civil District Court. On his own motion, the hearing officer dismissed the issue of third party offsets on the basis of lack of subject matter jurisdiction.
Defendants now appeal both judgments. Plaintiff answered the appeal arguing that the amount of attorney's fees awarded to him should be increased and that he should also be awarded damages for defendants' allegedly frivolous appeal.
In their first argument, the defendants contend that the hearing officer erred in determining that he lacked subject matter jurisdiction over the issue of defendants' entitlement to a credit or offset for future compensation owed against the amount of the tort settlement between plaintiff and the third party tortfeasor. Despite defendants' arguments to the contrary, the questions of whether or not the plaintiff's employer is actually entitled to a credit or offset and whether or not the third party tort suit is still viable are irrelevant for purposes of determining the proper jurisdiction for defendants' offset/credit claim. The only question before this court on the offset/credit issue is whether or not the hearing officer was correct in dismissing it for lack of subject matter jurisdiction.
Louisiana Revised Statute 23:1310.3(E) vests the hearing officer in the Office of Worker's Compensation with original, exclusive jurisdiction over all claims or disputes arising under the Louisiana Worker's Compensation Act. That statute specifies that the only exceptions to this rule are those provided by Revised Statute 23:1101(D) and 1378(E). Only the exception in Revised Statute 23:1101(D) is pertinent. It provides:
"(1) Any suit to recover amounts paid or obligated to be paid under the provisions of this Chapter or any intervention in an action involving an employee who has or is receiving benefits under this Chapter seeking reimbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a judge only.
(2) No suit brought under this Subpart or incidental action seeking reimbursement of amounts paid shall be allowed in a pending action involving a trial before a jury; however, such a suit or incidental action seeking such reimbursement may be tried before the judge involved in the jury trial but outside the presence of the jury."
Although defendants argue that the intent of the above statute was to require a judge, rather than a jury to decide reimbursement claims, we conclude that it also supports the result reached by the hearing officer. There can be no dispute but that a third party tort suit must be heard in the district court and not before a compensation hearing officer. It logically follows that any claim of reimbursement or credit by the employer, either by intervention or direct third party suit, also cannot be heard by a hearing officer. The compensation statute *1040 simply excludes those claims from the hearing officer's jurisdiction. Jurisdiction for defendants' offset claim lies with the district court where the third party tort claim was heard.
In defendants' second argument, they contend that the hearing officer erred in holding that Waste Management and/or its insurer acted arbitrarily and capriciously in terminating plaintiff's benefits as of August 20, 1991.[1] They argue that their decision to terminate benefits was based on medical reports which indicated plaintiff could return to work, or at the least, were conflicting and thus constituted a reasonable controversion of plaintiff's claim.
An employer is arbitrary and capricious in terminating benefits if the evidence is clear and uncontradicted that the employee was at least partially disabled and there is no genuine dispute as to causation. Rachal v. Crown Store Equipment Co., 640 So.2d 730 (La.App. 3rd Cir.1994). In the instant case the medical records and reports of the orthopedists treating plaintiff support the assertion that he was no longer disabled from an orthopedic standpoint at the time that his benefits were terminated. However, with regard to plaintiff's psychiatric problems, the psychiatrists who evaluated plaintiff had conflicting opinions as to the extent and cause of these problems and as to how and if these problems could be successfully treated.
Dr. Bick, plaintiff's treating psychiatrist, felt that plaintiff was suffering from major depression in reaction to chronic pain caused by the accident. Plaintiff was also evaluated by Dr. R.W. Culver on June 13, 1991. In a report dated June 19, 1991, Dr. Culver stated his opinion that plaintiff was suffering from dysthymia, a lesser degree of depression than that diagnosed by Dr. Bick, as well as somatoform pain disorder which is the neurotic displacement of emotional conflicts onto the body resulting in various physical symptoms or complaints. Although Dr. Culver did not state an opinion as to whether or not plaintiff was psychologically able to return to work in his June 1991 report, he did state that he disagreed with Dr. Bick's opinion that pain from the October 13, 1989 accident caused plaintiff's depression. Dr. Culver's opinion was that there was no organic basis for plaintiff's continuing complaints of pain from the accident and that his depression was caused by his experiences of early childhood, his relationship with his parents, and his character pathology. According to Dr. Culver's June 1991 report, the accident merely afforded plaintiff an opportunity to act out his longstanding emotional problems in a medicolegal context.
Considering this genuine dispute between two psychiatrists as to the cause of plaintiff's psychiatric problems between two psychiatrists who evaluated the plaintiff, we conclude that the hearing officer was clearly wrong in finding that defendants were arbitrary and capricious in terminating plaintiff's compensation benefits as of August 20, 1991. In Schmitt v. City of New Orleans, 632 So.2d 367 (La.App. 4th Cir.1993), we stated:
"An assessment of penalties and attorney's fees is proper unless the employee's rights to benefits are reasonably controverted. The employee's right to receive compensation benefits and payment for medical expenses will be deemed reasonably controverted if the the employer or insurer had a reasonable basis for believing that compensation and medical expenses were not due."
We find that Dr. Culver's June 19, 1991 report containing his opinion as to causation of plaintiff's psychiatric problems provided a reasonable basis for defendants to discontinue payment of benefits.
We also note that in additional reports issued by Dr. Culver subsequent to the termination of plaintiff's compensation benefits, he did not change his opinion as to the causation of plaintiff's psychiatric problems. In addition to a supplemental report issued on February 17, 1992, Dr. Culver reevaluated plaintiff on September 10, 1992 and issued a report on September 16, 1992. In both of these reports, he reaffirmed the views expressed *1041 in his June 19, 1991 report. Thus, we also find that defendants were not arbitrary and capricious in failing to reinstate compensation benefits after August 20, 1991. Defendants reasonably relied on reports of a psychiatrist who evaluated plaintiff and disputed his treating psychiatrist's opinion that the psychiatric problems were caused by the October 13, 1989 accident.
In his reasons for judgment, the hearing officer relied on Dr. Culver's statement that "the accident occasioned the [plaintiff's] symptoms to come about". However, a reading of Dr. Culver's testimony at the hearing shows that he distinguished the terms "occasion" and "cause" and specified that his opinion was that the accident did not cause plaintiff's psychiatric problems. Rather, the accident was an occasion which unconsciously "provides the patient with a justification for acting out the needs in whatever context that the occasion provides, medical, legal, domestic, marital or whatever." Thus, the hearing officer was manifestly erroneous in his reliance on that one statement by Dr. Culver. We reverse the award of penalties and attorney fees.
In their final argument, defendants claim that the trial court erred in applying a "preponderance of the evidence" burden of proof standard rather than a "clear and convincing" standard with regard to the question of compensability for mental disabilities pursuant to the Louisiana Worker's Compensation Act. LSA-R.S. 23:1021(7)(c), an amendment to the Worker's Compensation Act which became effective on January 1, 1990, provides:
"A mental injury or illness caused by a physical injury to the employee's body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence."
The accident which is the subject of this case occurred prior to January 1, 1990 when the applicable standard for burden of proof in a compensation case was the less stringent "preponderance of the evidence" standard.
The hearing officer ruled that the preponderance of the evidence standard applied because it was the standard in effect at the time of the injury. Defendants argue that R.S. 23:1021(7)(c) should be applied retroactively and that the "clear and convincing" standard is applicable to this case. Defendants cite the case of Creed v. Avondale Industries, Inc., 608 So.2d 226 (La.App. 5th Cir.1992), in which the Fifth Circuit held that the change in the burden of proof standard required by the R.S. 23:1021(7)(c) amendment would be applied retroactively.
However, in Messina v. State, 624 So.2d 453 (La.App. 4th Cir.1993), a plaintiff in a worker's compensation suit alleged a psychiatric injury which occurred prior to January 1, 1990. Although the change in the burden of proof standard was not specifically addressed, we stated that "[a]n employee seeking compensation benefits has the burden of proof by a preponderance of the evidence that he is disabled and that there is a causal relationship with an employment accident." Id. at 455. Based on that statement arguably this circuit would not apply R.S. 23:1021(7)(c) retroactively. However, we need not make a definitive determination of that issue since under either standard the hearing officer's conclusion is not manifestly erroneous. In fact, the hearing officer noted that plaintiff carried his burden under either standard.
Despite Dr. Culver's opinion to the contrary, the testimony of Drs. Bick and Morse provide sufficient basis for the award of compensation benefits. Obviously the hearing officer made a credibility call which we cannot say is clearly wrong. That credibility call favoring the opinions of Drs. Bick and Morse supports plaintiff's claim under either standard of proof. Those two doctors were adamant in their opinion about plaintiff's condition and its cause.
Finally, because we conclude that defendants were not arbitrary and capricious in terminating plaintiff's benefits and were incorrectly assessed penalties and attorney's fees, we also conclude that plaintiff's argument that his award for attorney's fees should be increased is without merit. His argument that defendants' appeal is frivolous is also without merit.
*1042 For the reasons stated above, the judgment from the Office of Worker's Compensation is reversed in so far as it awards penalties and attorney's fees to the plaintiff. In all other respects, the judgment is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] The arbitrary and capricious finding resulted in the award of attorney fees and statutory penalties. La.R.S. 23:1202 and 1201.2.