674 So.2d 1180 (1996)
ORTHOPEDIC SPECIALISTS OF LA, Plaintiffs-Appellants,
v.
WESTERN WASTE INDUSTRIES, INC., et al, Defendants-Appellees.
No. 28,281-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1996.
Lunn, Irion, Johnson, Salley & Carlisle by Frank M. Walker, Jr., for Defendants-Appellees.
William B. King, for Defendant-Appellee, Derrick Fugate.
Roedel, Parsons, Hill & Koch by Gregory D. Frost, for Plaintiffs-Appellants.
Before NORRIS, HIGHTOWER and WILLIAMS, JJ.
*1181 NORRIS, Judge.
In this workers' compensation proceeding, health care providers Orthopedic Specialists of Louisiana ("OSL") and Dr. David Waddell appeal the hearing officer's decision which rejected their claim against Western Waste Industries Inc. ("WWI"), its insurer, Continental Loss Adjusting ("Continental"), and its employee, Derrick Fugate, for payment of outstanding medical bills. For the following reasons, we affirm.

Facts and procedural history
The parties stipulated that Fugate's injury arose during the course of his employment with WWI. On December 11, 1991 a car traveling on Woolworth Road in Shreveport crossed the center line of travel, striking Fugate's vehicle. Fugate received treatment for his injuries from Dr. David Waddell of OSL. At issue are those medical expenses incurred on December 11, 13, and 16, 1991, which totaled $8,256. OSL admits it did not bill WWI for these services until June 8, 1993, and that it did not bill Fugate prior to the instant litigation. The bill remains unpaid.
Fugate filed a tort suit in District Court against the third party tortfeasor, Western Waste Management of Northwest Louisiana; WWI and Continental intervened. On May 26, 1993, through correspondence, it was agreed that WWI and Continental would accept $180,000 in compromise of their intervention rights (waiving reimbursement of the $40,000 balance), and in exchange Fugate would release his right to collect additional compensation benefits.
On July 2, 1993 counsel for the parties signed and presented for the district court's approval a formal written Joint Compromise and Settlement Agreement. By this agreement, Fugate released and relieved WWI, Continental and the tortfeasor from "all further or future liability * * * for compensation, medical expenses and claims of whatsoever nature and kind arising heretofore or which may hereafter arise under Title 23, Chapter 10, Revised Statutes of Louisiana, growing out of any accident or injury occurring prior to this date."
Five months after this compromise was approved, OSL and Dr. Waddell filed a disputed claim for compensation with the Office of Workers' Compensation ("OWC") against WWI and Continental seeking payment for medical services rendered to Fugate. On August 3, 1994, they filed an amended claim adding Fugate as a defendant. By answer, WWI and Continental alleged that the compromise resolved the matter and further asserted res judicata.
At a brief hearing in March 1995, the case was submitted upon joint written stipulations. On May 1, 1995, the hearing officer rendered a judgment in favor of the defendants, dismissing plaintiffs' claim. In a written opinion on the merits she found that the employee's right to recover medical expenses under 23:1203 was personal to the employee. Thus, she concluded that OWC could not hear the instant claim; because Fugate settled and discharged the compensation and tort actions claims, the plaintiff had no right of action in the OWC to seek additional medical expenses.
OSL and Dr. Waddell appeal, urging as error the hearing officer's findings that (1) the settlement between WWI and Fugate barred their claim for payment of medical expenses and (2) the OWC had no subject matter jurisdiction over the claim against Fugate.

Discussion
Plaintiffs dispute the hearing officer's finding that the right to recover medical expenses is strictly personal to the employee. Citing La.R.S. 23:1034.2F, they argue that a medical provider has a direct right of action for reimbursement against the employer independent of any right of the employee. Thus, according to plaintiffs, the compromise and settlement at issue between the employer and employee cannot affect a medical provider's right to be paid.
We find, on our own motion, subject matter jurisdiction over the instant claim is lacking. In re Ledet, 249 La. 1, 184 So.2d 535 (La.1966); Counts v. Bracken, 494 So.2d 1275 (La.App.2d Cir.1986). Therefore, we decline to address or interpret R.S. 23:1034.2F.
*1182 Louisiana Constitution art. 5, § 16 grants district courts original jurisdiction over all civil matters except as provided in the constitution and "by law for administrative agency determinations in worker's compensation matters." In contrast to this provision, La. R.S. 23:1310.3E vests the hearing officer initially with original, exclusive jurisdiction over all claims or disputes arising out of the Worker's Compensation Act. However, the statute specifically provides for exceptions to the grant of general jurisdiction to the hearing officer.[1]
Of particular interest to the instant case are two limitations of OWC jurisdiction. The first is set forth in La.R.S. 23:1272, which provides in pertinent part:
* * * * * *
C. If a suit has been filed against a third party pursuant to the provisions of R.S. 23:1101, the district court hearing the third party suit shall have the authority to approve a lump sum or compromise settlement of the worker's compensation claim under the same conditions and terms set forth in this Section for approval of such settlements by a hearing officer.
Furthermore, after approval of a settlement, the continuation and extent of the hearing officer's jurisdiction is specifically addressed in the statute. La.R.S. 23:1310.8 reads in pertinent part:
A. (1) * * * a hearing officer shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in worker's compensation cases.
(2) The hearing officer may have a full hearing on the petition[.] * * *
(3) If the hearing officer decides it is in the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the hearing officer may make an award that shall be final as to the rights of all parties to said petition and thereafter the hearing officer shall have no jurisdiction over any claim for the injury or any results arising from same.

(emphasis added).
Thus after a final settlement of the compensation claim in accordance with law, the hearing officer's jurisdiction over the claim is terminated.
The instant case is apparently res nova. It is clear from a review of the jurisprudence on this issue that mere involvement of a workers' compensation statute or claim does not automatically subject the entire matter to the jurisdiction of the OWC. See Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992); Warren Ortego v. CXY Energy, 95-718 (La.App. 3d Cir. 1/10/96), 670 So.2d 217; Tomas v. Conco Food Distributors, 95-348 (La.App. 3d Cir. 10/25/95), 666 So.2d 327. Rather, the claim must be closely and carefully scrutinized before making such a jurisdictional determination.
In the present case, Fugate filed suit against the tortfeasor in District Court. By statute, R.S. 23:1272C, this tort claim was required to be brought in the District Court. The employer and his compensation insurer intervened for reimbursement. The District Court subsequently approved a final settlement and release between the claimant, WWI and its insurer, and the tortfeasor. The District Court has the same authority as the hearing officer to approve a settlement of the workers' compensation portion of the claim and the settlement is subject to "the same conditions and terms" as a settlement by the hearing officer. La.R.S. 23:1272C.
Following approval of a final settlement, "the hearing officer shall have no jurisdiction over any claim for the injury or any results arising from same." La.R.S. 23:1310.8A(3). Therefore, a plain reading of these statutes *1183 mandates the conclusion that plaintiff's claim is excluded from the jurisdiction of the OWC.
Based on the foregoing, the hearing officer properly determined that the settlement in the instant case precludes any further action in the OWC for payment of additional medical expenses.

Conclusion
For the reasons expressed, the decision of the hearing officer is affirmed and plaintiffs' claim is dismissed without prejudice. Costs of appeal are assessed to appellants.
AFFIRMED.
NOTES
[1] Except as otherwise provided by R.S. 23:1101D and 1378E, the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter. La.R.S. 23:1310.3E. An exception is created in an action "involving an employee who has or is receiving benefits under this Chapter and seeking reimbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a judge only." La.R.S. 23:1101D. Also, an exception is created for appeals arising under the Second Injury Fund. La.R.S. 23:1378E.