710 So.2d 306 (1998)
Anastasia JEANSONNE, Plaintiff-Appellee,
v.
AMERICAN NATIVE CONSTRUCTION, et al., Defendants-Appellants.
No. 97-1228.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1998.
*307 Chris J. Roy, Jr., Alexandria, for Anastasia Jeansonne.
Thomas D. Travis, Baton Rouge, for American Native Const. and LWCC.
Before DECUIR, AMY and PICKETT, JJ.
AMY, Judge.
In this workers' compensation case, American Native Construction and its workers' compensation carrier, Louisiana Workers' Compensation Corporation, appeal an award of attorney's fees and a decision holding them liable for payment of two outstanding medical bills submitted for payment after the employee entered into a compromise with the third party tortfeasor, where monies paid by the third party tortfeasor remained after satisfying American Native's subrogation claim. For the reasons which follow, we reverse.

DISCUSSION OF THE RECORD
On June 2, 1995, Anastasia Jeansonne [Jeansonne] was injured in an automobile accident while in the course and scope of her employment with American Native Construction [American Native]. Several weeks after the accident, Jeansonne filed a workers' compensation claim with Louisiana Workers' *308 Compensation Corporation [LWCC] for compensation benefits and medical benefits. Jeansonne also pursued a tort claim against the driver of the other vehicle who was at fault in the accident, as well as State Farm Insurance Company, the other driver's liability carrier. Prior to filing suit, a compromise was reached between Jeansonne and State Farm. The settlement was for $20,000.00, from which, LWCC received $6,102.94, the amount paid to or on behalf of Jeansonne in worker's compensation benefits or medical benefits.
Approximately three months after the tort claim was settled, Jeansonne made a demand to LWCC for payment of two outstanding medical bills incurred on or about the date of the accident, one in the amount of $559.00 from Rapides General Hospital for emergency room care and another for $112.00 from the Schumacher Group. Jeansonne also questioned two charges reimbursed to LWCC by State Farm. The defendants, acknowledging that the outstanding medical bills were compensable expenses under workers' compensation law, contended that they were entitled to take a dollar for dollar credit against the money received by Jeansonne in her settlement with State Farm. Jeansonne eventually filed a disputed claim form to recover $578.20 paid to LWCC by State Farm, and for payment of the two outstanding medical bills. In response, American Native and LWCC filed an exception of no subject matter jurisdiction. Jeansonne filed a motion for summary judgment. The workers' compensation judge deferred consideration of both the exception to subject matter jurisdiction and the motion for summary judgment, until after a hearing on the merits.
A hearing was held on March 13, 1997, at which time, the workers' compensation judge concluded that the dispute over reimbursement of monies paid to LWCC by State Farm, that were allegedly paid in derogation of the Louisiana Worker's Compensation Act, was outside the Office of Workers' Compensation's [OWC] subject matter jurisdiction. The workers' compensation judge denied Jeansonne's motion for summary judgment. After finding the outstanding medical bills to be within the exclusive jurisdiction of the OWC, the workers' compensation judge held the defendants responsible for payment of the two outstanding medical bills. Additionally, the workers' compensation judge ordered the defendants to pay $4,000.00 in attorney's fees.[1]
American Native and LWCC appeal, alleging the following as errors: (1) OWC had no subject matter jurisdiction over a dispute concerning the proceeds of a tort claim against a third party tortfeasor; (2) alternatively, if OWC did have subject matter jurisdiction over the claim, the defendants were entitled to an offset for the two medical bills incurred before settlement but presented several months later; (3) because the defendant's were entitled to an offset against the settlement of the third party tortfeasor, the workers' compensation judge erred in ordering the insurer to pay medical bills presented after the settlement; and (4) the workers' compensation judge erred in awarding Jeansonne attorney's fees. Jeansonne answers this appeal requesting additional penalties and attorney's fees.

MERITS

SUBJECT MATTER JURISDICTION
First, we address American Native and LWCC's contention that the OWC did not have subject matter jurisdiction over the claim to a credit or offset against settlement proceeds realized in a compromise between the employee, Jeansonne, and State Farm. In response, Jeansonne contends that the workers' compensation judge correctly denied the defendants' exception of no subject matter jurisdiction because the issue before the tribunal was payment of past due medical bills incurred as a result of a work related injury.
Article 5, Section 16 of the Louisiana Constitution vests original jurisdiction over all civil matters in the district courts unless *309 provided otherwise by another provision of the constitution or where the Louisiana legislature has "provided by law for administrative matters...." In the area of workers' compensation, our legislature has vested workers' compensation judges with "exclusive jurisdiction over all claims or disputes arising out" of the workers' compensation chapter. La.R.S. 23:1310.3(E). "[M]ere involvement of a workers' compensation statute or claim does not automatically subject the entire matter to the jurisdiction of the OWC. [Citations omitted]. Rather, the claim must be closely and carefully scrutinized before making such a jurisdictional determination." Orthopedic Specialists of Louisiana v. Western Waste Industries, Inc., 28,281, p. 4 (La. App. 2 Cir. 5/13/96); 674 So.2d 1180, 1182.
In support of its contention, American Native and LWCC cite several appellate cases, including: Cajun Bag and Supply v. Baptiste, 94-1218 (La.App. 3 Cir. 3/1/95); 651 So.2d 943, Orthopedic Specialists of Louisiana, 28,281; 674 So.2d 1180, and Gordon v. Waste Management of New Orleans, 94-1252 (La.App. 4 Cir. 12/15/94); 648 So.2d 1037, writ denied, 95-0691 (La.4/28/95); 653 So.2d 595.
In Cajun Bag, the employer, believing the employee's claim for compensation was falsified, filed notice of a disputed claim for compensation against the employee, Baptiste. Baptiste reconvened seeking reinstatement of benefits. We held that a claim must "actually `arise out' of the Worker's Compensation Act, rather than merely relate to worker's compensation in general, for [workers' compensation judges] to enjoy original jurisdiction over it." Id. at p. 9; 948. We determined that the OWC was not the proper forum to assert a general claim for reimbursement. Unlike the source of the employer's reimbursement claim in Cajun Bag, the credit or offset American Native and LWCC are attempting to invoke does arise out of La.R.S. 23:1102(B).
In Orthopedic Specialists of Louisiana, a medical provider filed a disputed claim for compensation seeking payment for medical services rendered to Fugate for injuries he suffered in the course and scope of his employment. Fugate, his employer, and the third party tortfeasor entered into a compromise agreement whereby the employer would receive less than the full amount of its employer's lien and Fugate agreed to waive his right to collect additional compensation benefits. This compromise agreement was subsequently approved by the district court. The Second Circuit Court of Appeal found, on their own motion, that it lacked subject matter jurisdiction over the claim. The second circuit's decision was based on La.R.S. 23:1310.8(A)(3), which provided that following approval of a final settlement, "the [workers' compensation judge] shall have no jurisdiction over any claim for the injury or any results arising from the same." With the exception of a well tailored legal discussion on subject matter jurisdiction of workers' compensation tribunals, little guidance can be gleaned from Orthopedic Specialists of Louisiana on the issue of an employer's or insurer's right to an offset or credit. Unlike that case, Jeansonne did not settle her compensation claim; nor was the compromise agreement, as to the tort claim, submitted to the district court for approval. OWC maintained continuing jurisdiction over the compensation claim.
In Gordon, the fourth circuit was faced with an almost identical factual situation as present in the case now before us. That case, like the present one, involved an employer's claim for a credit or offset against future compensation liability as a result of the employee's settlement in a third party tort suit. The fourth circuit, citing La.R.S. 23:1310.3(E) and 23:1101(D), affirmed a workers' compensation judge's dismissal of the employer's claim for a credit or offset on the grounds that OWC lacked subject matter jurisdiction. In support of this disposition, that court, stated as follows:
There can be no dispute but that a third party tort suit must be heard in the district court and not before a compensation hearing officer. It logically follows that any claim of reimbursement or credit by the employer, either by intervention or direct third party suit, also cannot be heard by a hearing officer. The compensation statute simply excludes those claims from the hearing officer's jurisdiction. *310 Jurisdiction for defendants' offset claim lies with the district court where the third party tort claim was heard.
Gordon, 94-1255, p. 3-4; 648 So.2d at 1039-40. (Emphasis added). While we agree with the above statement, we disagree with the application of this principle to the factual situation present in this case. It is true that jurisprudence has recognized that 23:1101(D) embodies an exception to the OWC's grant of original jurisdiction; however, the issue we are faced with is the availability of the dollar for dollar credit authorized in La.R.S. 23:1102(B). See, e. g., Orthopedic Specialists of Louisiana, 28,281, p. 4; 674 So.2d at 1182, n. 1.
La.R.S. 23:1101(D) provides, in pertinent part:
D. (1) Any suit to recover amounts paid or obligated to be paid under the provisions of this Chapter or any intervention in an action involving an employee who has or is receiving benefits under this Chapter seeking reimbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a judge only.
La.R.S. 23:1101,[2] in globo, contemplates the relationship and rights of the employee and the employer as each relate to the third party tortfeasor. First, in subsection (A), an employee is permitted to proceed against the third party tortfeasor in district court while maintaining his or her right to compensation benefits from the employer. Subsection (B) permits an employer obligated to pay compensation to bring suit against the third party tortfeasor for sums paid or obligated to be paid by the employer to the employee. Subsection (C) merely defines "third party" for purposes of La.R.S. 23:1101. Finally, subsection (D) provides that an employer's claim for reimbursement for compensation paid or credit for compensation obligated to be paid, whether by intervention in the employee's tort suit allowed by subsection (A) or by direct third party suit allowed by subsection (B), be heard before a judge. We do not dispute that where La.R.S. 23:1101 is applicable, the action can only be brought in district court.
However, the matter now before us involves La.R.S. 23:1102, which provides the employer a defense against the employee's assertion that certain payments of benefits or medical expenses are owed, rather than La. R.S. 23:1101, which deals with the tortious aspect of a claim. All tort-related claims in the instant matter have been resolved, leaving only workers' compensation claims controlled by La.R.S. 23:1102. We find no authority indicating that this provision, alone, is an exception to the OWC's grant of original jurisdiction over these matters; nor do we find reason why it should be such an exception. For these reasons, we conclude that American Native and LWCC's first assignment of error is without merit.

*311 ENTITLEMENT TO LA.R.S. 23:1102(B) CREDIT OR OFFSET
Next, combining American Native and LWCC's second and third contentions, we examine the workers' compensation judge's holding that, as a matter of law, the defendants were not entitled to take a dollar for dollar credit against the settlement received by Jeansonne from State Farm.
The relevant statutory provision provides, in pertinent part:
A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
B. If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer received a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the compromise.... If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment of the employer or insurer the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.
(Emphasis added).
Several facts were undisputed at the hearing. The most important of these facts being: (1) In January 1996 the third party tort claim was settled for $20,000.00 out of which $6,102.94 was paid to LWCC by State Farm for reimbursement of its subrogation claim, (2) March 14, 1996 was the first time Jeansonne requested payment by LWCC of the two outstanding medical bills involved in this dispute, (3) LWCC did not receive an actual copy of the bills until August 7, 1996, (4) medical bills involved in this dispute were incurred as a result of the work related accident prior to the settlement, and (5) all compensation benefits and submitted medical expenses, prior to settlement, were paid by LWCC to Jeansonne.
Additionally, we note that, although written approval of the compromise was not obtained by the employee, all parties were aware of and approved what transpired. Further, LWCC was paid the total amount of compensation and benefits paid to or on behalf of Jeansonne at the time the settlement was executed. A careful examination of the record reveals that LWCC instructed Jeansonne regarding its subrogation right, and informed her of her duty to help protect and help enforce this right. In our application of La.R.S. 23:1102(B), it is clear that Jeansonne failed to obtain written approval of the compromise from American Native and LWCC. However, it is equally evident that LWCC was paid the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of Jeansonne thereby reserving to Jeansonne "the right to future compensation in excess of the amount recovered from the compromise. ..." La.R.S. 23:1102(B). Therefore, the only question for us to answer is whether medical expenses incurred prior to settlement, but submitted after settlement, are included in "future compensation" *312 under La.R.S. 23:1102(B). We conclude they are.
In reviewing the jurisprudence interpreting this aspect of La.R.S. 23:1102(B), we note a disagreement between the circuits. In Martin v. Midas Muffler Shop, 535 So.2d 1152, 1155 (La.App. 2 Cir.1988), the second circuit concluded that where a claimant waives "future compensation" for failure to obtain prior written approval of a compromise agreement, the claimant waives "not only ... future worker's compensation benefits, but also [waives] those [amounts] that might have been due prior to the settlement but had not been paid." Thus, were we to follow the reasoning advanced in Martin, the medical expenses at issue would not be considered "future compensation."
In resolving this complex issue, the first circuit has demonstrated reasoning different from that advanced in Martin. In Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918 (La.App. 1 Cir.1989), writ denied, 545 So.2d 1040 (La.1989) the first circuit interpreted "future compensation' to mean any compensation benefits which became payable after the compromise." Id. at 923. However, in a later opinion, the first circuit apparently reconsidered the position advanced in Faught.
In Triche v. Regional Elec. & Const., Inc., 95-0105 (La.App. 1 Cir. 10/6/95); 671 So.2d 425, the first circuit was faced with a situation wherein an employee settled with a third party without obtaining the written approval of his employer or the employer's workers' compensation carrier. Unlike the case sub judice, that employer failed to pay his employee any benefits. The first circuit concluded, even where the employer has not paid compensation benefits prior to settlement, "the employer is entitled to a dollar for dollar credit against the full amount paid in compromise, less attorney's fees and costs paid by the employee in prosecution of the third party claim." Id. at p. 10; 433. We find this reasoning persuasive and conclude that this interpretation of the statute is correct.
We do note, however, that in Maddox v. Sisters of Charity of the Incarnate Word, 506 So.2d 233 (La.App. 3 Cir.1987), a brief published writ decision, this court made remarks suggesting that the determining factor of whether a medical expense was "future compensation" under La.R.S. 23:1101(B) was whether it "accrued" after the date of the compromise. As this issue was not squarely before the court on that day, this suggestion appears to be dicta. In any event, if that was the reasoning of Maddox, we reject it in the present case, as we do not believe it to be the correct interpretation of the law.
The policy underlying La.R.S. 23:1102 is the principle of indemnity whereby, as in all compensation statutes, the tortfeasor is required "to reimburse the blameless employer for the compensation he was obliged to pay because of the fault of the outsider ... [and] the victim [is not] entitled both to full damages and to compensation." St. Paul Fire & Marine Ins. Co. v. Whitmire, 578 So.2d 1180, 1182 (La.App. 5 Cir.), writ denied, 581 So.2d 707 (La.1991). Accordingly, liability for workers' compensation and medical benefits only attaches after an employer or his insurer receives a dollar for dollar credit against the full amount paid in the compromise, minus attorney's fees and costs paid by the employee. We find no reason to distinguish this matter from the above-stated indemnity principles simply because the medical expenses, which the employer did not know of and, therefore, could not have paid, were incurred prior to the compromise. Therefore, we find a credit due.
Key to our decision in this matter is the actual text and wording of La.R.S. 23:1102(B). The statute qualifies "future compensation" as "future compensation in excess of the amount recovered from the compromise. ..." Additionally, an employer or insurer will not be liable to the employee for "future compensation" until the employer or its insurer "receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee." La.R.S. 23:1102(B).
In view of the above-cited wording, we conclude, that the two outstanding medical bills incurred before the compromise agreement but not submitted for payment until *313 several months after the compromise are within the ambit of "future compensation, including medical expenses" language of La. R.S. 23:1102(B). Accordingly, American Native and LWCC are entitled to a dollar for dollar credit against the amount received by Jeansonne in her settlement with State Farm.[3]

ATTORNEY'S FEES AND PENALTIES
Lastly, American Native and LWCC contend that the workers' compensation judge erred in awarding attorney's fees because they were relying on a reasonable interpretation of La.R.S. 23:1102(B). We agree. As we decided above, the defendants' interpretation of La.R.S. 1102(B) was not only reasonable, but a correct interpretation.
Our legislature, in enacting La.R.S. 23:1201 and La.R.S. 23:1201.2, which are penal in nature, was attempting to deter employers and insurers from irresponsibly handling an employee's workers' compensation claim. Cormier v. Resthaven Nursing Home, 95-230 (La.App. 3 Cir. 1/17/96); 670 So.2d 233. The legislature provided for statutory penalties in instances when the employee's right to benefits has not been reasonably controverted by the employer, and attorney's fees where an insurer has acted arbitrarily, capriciously, or without probable cause in terminating benefits. See La.R.S. 23:1201 and La.R.S. 23:1201.2.
As we find that the benefits in question were not "due" at the time the bills were received by LWCC, we conclude that the employer or insurer's actions were not arbitrary, capricious, or without probable cause when the decision was made to take a credit rather than sending payment on behalf of Jeansonne. Accordingly, we find that the workers' compensation judge erred in awarding attorney's fees to Jeansonne pursuant to La.R.S. 23:1201.2, and we reverse the award. We likewise deny Jeansonne's request for penalties and additional attorney's fees for having to defend this appeal.

DECREE
For the foregoing reasons, the decision of the Office of Workers' Compensation is reversed, including the award of attorney's fees. American Native, and its workers' compensation carrier, LWCC, are entitled to take a dollar for dollar credit against the full amount paid, minus attorney's fees and costs, if any were paid by the employee, in the compromise with State Farm to Anastasia Jeansonne in settlement of her third party tort claim. Anastasia Jeansonne's answer to this appeal requesting penalties and attorney's fees for this appeal is denied. All costs of this appeal are assessed to the claimant, Anastasia Jeansonne.
REVERSED AND RENDERED.
NOTES
[1] We notice that, in his written reasons for judgment, the workers' compensation judge evidenced the intention to award statutory penalties and attorney's fees. Only the award of attorney's fees appears in the decision. Jeansonne never questioned the omission and where there is a conflict between written reasons and the judgment, the judgment is controlling.
[2] La.R.S. 23:1101(A)(C) provide, as follows:

A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided that the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
[3] We note that one of the bills in question, a bill from Schumacher Group in the amount of $112.00, was mistakenly paid by LWCC. We are unable to order that the money be reimbursed by Jeansonne. Recovery of this overpayment of benefits would require ordinary proceedings in district court. See Cajun Bag and Supply, 94-1218; 651 So.2d 943.