917 So.2d 26 (2005)
TIG INSURANCE COMPANY
v.
LOUISIANA WORKERS' COMPENSATION CORPORATION.
No. 2004 CW 2608.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
Jeffrey J. Warrens, Baton Rouge, Counsel for Defendant/Relator, Louisiana Workers' Compensation Corporation.
John H. Hughes, Lafayette, Counsel for Plaintiff/Respondent, TIG Insurance Company.
Before: CARTER, C.J., PETTIGREW and MCDONALD, JJ.
*27 CARTER, C.J.
This matter comes before this court on a writ of certiorari granted to consider the res nova issue of whether a subrogation claim between compensation insurers falls within the original and exclusive jurisdiction of the Office of Workers' Compensation.

FACTS AND PROCEDURAL HISTORY
Carl Thomas, an employee of Louisiana Log Homes Company, Inc., filed a disputed claim form with the Office of Workers' Compensation (OWC), alleging he had suffered a work-related injury. TIG Insurance Company provided workers' compensation insurance to Louisiana Log at the time of the accident and paid Thomas compensation benefits and medical expenses. TIG eventually settled with Thomas. TIG then filed this suit with the district court against Louisiana Workers' Compensation Corporation (LWCC). TIG alleged LWCC also had a workers' compensation policy in effect covering Louisiana Log on the date of Thomas' injury. TIG alleged LWCC is liable to TIG for one-half of all monies paid by TIG to Thomas. LWCC filed a declinatory exception raising the objection of lack of subject matter jurisdiction. LWCC argued jurisdiction over TIG's claim lay with the OWC. The district court denied the exception, and this court granted a writ of certiorari to consider whether TIG's subrogation claim against LWCC falls within the original and exclusive jurisdiction of the OWC.

DISCUSSION
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based on the object of the demand, the amount in dispute, or the value of the right asserted. La.Code Civ. P. art. 2. The Louisiana Constitution establishes the subject matter jurisdiction of the courts. The subject matter jurisdiction of the district courts is set forth in La. Const. art. V, § 16(A)(1), which provides, "Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters."
The Workers' Compensation Act, La. R.S. 23:1310.3 E relative to the jurisdiction of the OWC, originally provided, "Except as otherwise provided . . . the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter." This statute was amended by 1997 La. Acts No. 94, § 1 and currently provides:
Except as otherwise provided ... the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.
Our brethren of the Louisiana Fourth Circuit Court of Appeal, when considering this amendment, agreed with the contention of one of the parties before the court that "the amended statute did not change the substantive law, but merely provided a[n] illustrative listing of those disputes within the OWC's jurisdiction." U.S. Fidelity v. CIGNA Property & Casualty, Co., 99-1851 (La.App. 4 Cir. 1/5/00), 751 So.2d *28 983, 985, writ denied, XXXX-XXXX (La.3/24/00), 758 So.2d 159.
The jurisprudence clearly establishes that the mere involvement of the workers' compensation statute or a workers' compensation claim does not automatically subject the entire matter to the jurisdiction of the OWC. Jeansonne v. American Native Construction, 97-1228 (La.App. 3 Cir. 3/6/98), 710 So.2d 306, 309. Each claim must be scrutinized to determine whether compensation judges possess original jurisdiction. Id. If the issue to be considered arises out of the Workers' Compensation Act, jurisdiction is vested in the OWC; if the issue merely relates to a workers' compensation claim, the OWC does not have subject matter jurisdiction. Broussard, Bolton, Halcomb & Vizzier v. Willimas, XXXX-XXXX (La.App. 3 Cir. 10/3/01), 796 So.2d 791, 795.
Thus, in Broussard, 796 So.2d at 795, a fee dispute between two attorneys who represented a workers' compensation claimant was outside the jurisdiction of the OWC, as the dispute between the attorneys did not arise out of the Workers' Compensation Act. In RMI v. Southdown Care Ctr., 98-2430 (La.App. 1 Cir. 12/28/99), 747 So.2d 809, 812, writ denied, XXXX-XXXX (La.3/17/00), 757 So.2d 640, a fee dispute over a contractual reimbursement schedule was in the nature of a claim for relief found in the Louisiana Civil Code, not the Workers' Compensation Act, and was not within OWC's jurisdiction.
However, an employer's suit to recover benefits previously paid to a claimant as a result of the claimant's fraudulent acts was within the OWC's jurisdiction. Our Lady of the Lake Regional Medical Center v. Helms, 98-1931 (La.App. 1 Cir. 9/24/99), 754 So.2d 1049, 1052-53, writ denied, 99-3057 (La.1/7/00), 752 So.2d 863. Likewise, an employer's claim for a credit or offset in response to an employee's claim for workers' compensation benefits after a settlement between the claimant and a third-party tortfeasor was within the jurisdiction of the OWC. Jeansonne, 710 So.2d at 310. In U.S. Fidelity, 751 So.2d at 986, wherein two compensation insurers sought to resolve whether a claimant's injury was an aggravation of an earlier injury or a second injury, the district court held the issue raised by the insurer related directly to the benefits claimed by the claimant and the matter would affect the payment of claimant's future claims for benefits. Therefore, the issues clearly arose under the Workers' Compensation Act and jurisdiction lay with the OWC.
In the instant matter, LWCC correctly points out that the monies sought to be recovered were paid as workers' compensation benefits. The claims raised by TIG relate directly to the benefits claimed by Thomas. In order to determine whether LWCC is liable to TIG, issues concerning Thomas' injuries and the medical necessity and appropriateness of treatment are likely to be litigated. Moreover, TIG, as subrogee to the rights of Thomas, can have no greater right than those of Thomas. Louisiana Civil Code article 1825 defines the term "subrogation" as the substitution of one person to the rights of another. A subrogee acquires no greater rights than those possessed by its subrogor and is subject to all limitations applicable to the original claim of the subrogor. Gray Insurance Co. v. Old Tyme Builders, Inc., XXXX-XXXX (La.App. 1 Cir. 4/2/04), 878 So.2d 603, 607, writ denied, XXXX-XXXX (La.6/18/04), 876 So.2d 814. Therefore, any right asserted by TIG as subrogee against LWCC requires the OWC to consider the matter, as the district court clearly has no jurisdiction over a claim by Thomas against LWCC.
It is clear from the language of the statute that the intent of the legislature was to vest jurisdiction in the OWC over *29 "all claims or disputes arising out of" the Workers' Compensation Act. Moreover, public policy considerations of judicial economy and administrative efficiency support the vesting of claims arising out of the Act in one tribunal. The original purpose of the Workers' Compensation Act was to set up a court-administered system to aid injured workmen. The Louisiana Constitution and the Workers' Compensation Act were amended, and district courts were divested of jurisdiction over claims arising out of the Workers' Compensation Act. The OWC was empowered to resolve disputes and issue orders regarding workers' compensation claims. Rhodes v. Lewis, XXXX-XXXX (La.5/14/02), 817 So.2d 64, 69.
The clear indication is that the legislature intended to grant the OWC original, exclusive jurisdiction over coverage disputes, demands for recovery of overpayments, determinations and recognitions of credits, and employers' or workers' compensation insurers' claims for indemnification and contribution, as made evident by the 1997 amendment language. Even though exceptions to the general rule that district courts are vested with original jurisdiction are to be narrowly construed, we find La. R.S. 23:1310.3 clearly and explicitly places jurisdiction over this claim for subrogation between workers' compensation insurers, pursuant to workers' compensation insurance coverage, within the scope of the OWC.
For the foregoing reasons, the writ application is granted and made peremptory. The ruling denying the exception raising the objection of lack of subject matter jurisdiction filed by Louisiana Workers' Compensation Corporation is reversed.
WRIT GRANTED AND MADE PEREMPTORY; REVERSED.