693 So.2d 299 (1997)
Darrel K. DARBONNE, PlaintiffAppellant,
v.
M&M RIGHT OF WAY CONTRACTORS, DefendantAppellee.
No. 96-1730.
Court of Appeal of Louisiana, Third Circuit.
April 30, 1997.
*300 Anthony Craig Dupre, Ville Platte, for Darrel K. Darbonne.
Jeffrey John Warrens, Baton Rouge, for M&M Right of Way Contractors.
Before YELVERTON, COOKS and GREMILLION, JJ.
YELVERTON, Judge.
In this workers' compensation case, we must decide if Darrel Darbonne is precluded from filing a disputed claim against his employer, M & M Right of Way Contractors (M & M), because Darbonne had already filed suit and won a judgment against a third party tortfeasor without giving notice to his employer.

FACTS
On October 11, 1994, Darbonne was injured when his automobile was rear-ended by Marion O'Hanlon, the third party tortfeasor. He subsequently filed suit against the tortfeasor on November 17, 1994. A jury found in Darbonne's favor and awarded him $26,500 in damages. On November 7, 1995, the trial judge signed a final judgment reflecting the jury's verdict, and the judgment was paid to Darbonne.
On June 22, 1995, while his tort suit was still pending, Darbonne filed a "Disputed Claim for Compensation" form with the Office of Workers' Compensation. Darbonne alleged that the automobile accident occurred while he was in the course and scope of employment with M & M, and that M & M owed him weekly benefits and medical expenses from the date of injury (October 11, 1994). M & M paid nothing to Darbonne in either benefits or medical expenses.
In 1996, M & M moved for summary judgment arguing that Darbonne forfeited any rights to recovery in workers' compensation because Darbonne had failed to provide it with written notice of his tort suit against the third party tortfeasor as required by Section A of La.R.S. 23:1102. To its summary judgment motion, M & M attached a copy of the final judgment rendered in Darbonne's tort action, as well as Darbonne's admission that the only written correspondence he had sent to M & M were "the pleadings filed in this workers' compensation proceeding." M & M argued in support of summary judgment that, for Darbonne's failure to comply with the Section A notice requirement, the punitive provisions contained in Section B of La. R.S. 23:1102 applied requiring forfeiture of all future compensation benefits. Additionally, *301 M & M argued that, according to Martin v. Midas Muffler Shop, 535 So.2d 1152 (La. App. 2 Cir.1988), rights to past benefits should be forfeited as well.
The Administrative Hearing Officer, agreeing with M & M that the punitive provisions set forth in Section B of La.R.S. 23:1102 were applicable, granted the motion for summary judgment. The hearing officer ordered that Darbonne's suit be dismissed "unless and until employee pays to the employer or insurer the total amount of compensation benefits, and medical benefits, previously paid to employee, exclusive of attorney fees arising out of the jury verdict on October 5, 1995."
Darbonne appealed the summary judgment arguing that the punitive provisions of Section B applied exclusively to compromises, not a tort suit resulting in a final judgment. He asks us to reinstate his workers' compensation claim.

OPINION
The appellate court's review of summary judgments is de novo, and summary judgment is proper "only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." Schroeder v. Board of Sup'rs., 591 So.2d 342, 345 (La.1991). For the reasons below, we conclude that M & M was not entitled to judgment as a matter of law because the punitive provisions set forth in Section B of La.R.S. 23:1101(B) are inapplicable to this case involving a judgment.
The notice provision that Darbonne violated is found in Section A of La.R.S. 23:1102 and reads as follows:
A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
Prior to the 1983 amendments which added Sections B and C, La.R.S. 23:1102 only contained the above notice requirement of Section A; clearly, this pre-1983 statute provided no penalty for failure to notify nor did it explicitly refer to compromises or settlements. In Norris v. Goeders, 26,130-CA (La.App. 2 Cir.); 652 So.2d 144, writ denied, 95-C-0933 (La.6/2/95); 654 So.2d 1106, the Second Circuit discussed Section A and the absence of a penalty for violating the notice requirement.
In 1983, the legislature amended La.R.S. 23:1102 by adding Sections B and C. Section B of La.R.S. 23:1102 established the forfeiture penalty, at issue in this case, and reads, in pertinent part, as follows:
If a compromise with such third person is made by the employee ..., the employer or insurer shall be liable to the employee... for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, ... and only if written approval of such compromise is obtained from the employer ..., at the time of or prior to such compromise.... If the employee... fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise ..., the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's ... right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee.
(Emphasis provided) M & M relies upon the above underlined sentence in support of its argument that Section B applies to any case where suit has been filed, whether it results in a compromise or a final judgment.
In interpreting the above section, we agree with the First Circuit that "the quasipenal nature of La.R.S. 23:1102(B) requires *302 that we construe it strictly, and the beneficent purpose of the Worker's Compensation Law requires that we interpret its provisions liberally in an employee's favor." Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918, 924 (La.App. 1 Cir.1989), writ denied, 545 So.2d 1040 (La.1989).
Considering the plain wording of Section B and the history behind its passage, we think this punitive section, as a whole, was intended by the legislature to regulate only one situation: when the worker compromises with the third party tortfeasor without prior notice and approval from the employer. The legislature added Sections B and C to La. R.S. 23:1102 in response to "our supreme court's decision in Crabtree v. Bethlehem Steel Corp., 284 So.2d 545 (La.1973), which distinguished an employee's tort recovery through settlement from recovery through judgment." Faught, 543 So.2d at 921. This Crabtree decision and its progeny accorded the employer, who owed compensation benefits, little protection and no role in the employee's settlement with a third party tortfeasor; thus, Section B was added to address specifically and exclusively the compromise scenario. See: W. Malone & A. Johnson, 14 Louisiana Civil Law Treatise, Workers' Compensation Law and Practice, Sec. 373 at page 311 (3rd ed.1994) wherein the authors explained that these amendments (Sections B and C of La.R.S. 23:1102) were "clearly intended to strengthen the employer's hand when there is the possibility of a recovery against the tortfeasor, and that possibility ends in settlement rather than a judgment (the distinction on which the Crabtree rationale had been based)."
M & M's argument takes one sentence, embedded in the middle of this wordy section, quoted above, that begins and ends with references to a "compromise," and uses the sentence out of context to make the entire section apply to a factual situation that it was never intended to regulate. We conclude that the punitive provisions of Section B apply only when the worker compromises with a third party, not when a worker, like Darbonne, files suit against the third party tortfeasor and receives a final judgment. We agree that Darbonne violated the notice requirement contained in Section A of La. R.S. 23:1102. However, no statutory penalty exists for violation of this section, whether before or after the 1983 amendments.
We are mindful that the purpose behind the notice provision is to protect the employer's rights of intervention and reimbursement against the third party tortfeasor. Since M & M has paid no compensation benefits to Darbonne, it currently has no reimbursement claim against the tortfeasor. However, in the event that M & M is ordered to pay benefits, we think the judgment can be fashioned to protect M & M by allowing it a credit against any compensation due Darbonne in the appropriate amount that Darbonne recovered from the third party tortfeasor. See: Geter v. Travelers Insurance Company of Hartford, 79 So.2d 120 (La.App. 1 Cir.1955) wherein the First Circuit allowed the employer, who did not intervene in the worker's tort suit, a credit for the sums that the worker received from the third party tortfeasor.
We conclude that summary judgment was improper and remand for a determination of Darbonne's workers' compensation claim. Costs of this appeal will be paid by appellee.
REVERSED AND REMANDED.