| xBOWES, Judge.
Defendant, Star Enterprises (“Star”), appeals a judgment of the Office of Worker’s Compensation in favor of petitioner, Johnny T. Johnson (“Johnson”), finding that Johnson is entitled to all outstanding medicals incurred following a settlement between Johnson and a third-party tortfeasor. We affirm for the following reasons.
The material underlying facts are not contested by either party. On July 14, 1989, Johnson was injured in the course and scope of his employment with Star. Star paid worker’s compensation indemnity and medical benefits.
^Johnson filed a third-party tort suit against the third-party tortfeasor, General Electric (“GE”). On March 3, 1995, Johnson settled his claims against GE; on May 16, 1995, Star entered into a compromise of its own with GE in the amount of $17,500.00, an amount less than the sum of benefits paid.[1]
In January, ■ 1996, Johnson filed a claim with the Office of Worker’s Compensation for payment of outstanding and future medical expenses. Star disputed the claim, averring that the compromise agreement without its consent released it from the obligation to pay future medical expenses associated with that claim. Star also sought reimbursement and/or credit for payment of medical expenses post settlement.
The settlement documents introduced at trial show that the compromise between Johnson and GE was not signed by Star, and no written approval of the compromise was ever entered into the record. We are aware that Johnson claims that Star was aware of the settlement, there is no evidence of this in the trial record. The compromise agreement is explicit in that it is for general damages only, and specifically excludes any claims of the intervenor/employer for reimbursement for past or future wages, compensation payments, or medical benefits.
The judge, after a hearing on the merits, found that:
bl. Johnson was not required to notify Star of the compromise settlement;
2. failure to do so did not prejudice his right to future compensation and medical benefits;
3. that defendant was not entitled to reimbursement for expenses already paid; and
4. that Johnson was entitled to future medical treatment and benefits to be paid by Star.
On appeal, Star strenuously argues that the law clearly requires the written consent of the employer whenever a compromise is made, and that Johnson’s failure to do so in this case caused him to forfeit his right to future compensation, including medical expenses.
Star further avers that Johnson’s right to future compensation was not reserved because he failed to “buy back” his right to future compensation by paying Star the total amount of compensation and benefits previously paid, subject to a ceiling of 50% of the total amount recovered from the compromise.
Star also urges that the trial judge should have assessed expenses and attorney fees because Johnson denied a request for admis *859 sion which was ultimately proven true at the trial.

\ ¿ANALYSIS

We find that the applicable law regarding worker’s compensation in this case is La. R.S. 23:1101-1103 as follows.
The applicable portion of La. R.S. 23:1101 permits the employee or the employer to bring a lawsuit against a third party tortfea-sor, as follows:
A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred, under circumstances creating in some person (in this Section referred to as ‘third person’) other than those persons against whom the said employee’s rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
| sLa. R.S. 23:1102 read, at the time of Johnson’s accident, as follows:
A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
B. If a compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise- If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee’s or dependent’s right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise....
C. (1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise fi*om the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his 16insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to *860 or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee’s claim for future compensation or medical benefits shall be reserved.
(3) Repealed- — see footnote.
***** *
(4) Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for past or future compensation benefits and medical benefits against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid.[2]
Defendant, Star, cites several cases in support of its legal interpretation of the provisions of La. R.S. 23:1101 and 23:1102, to the effect that in all cases and circumstances, the employer must give written approval of any compromise between the employee and the tortfeasor. Looney v. Glasscock Drilling, 625 So.2d 1110 (La.App. 3 Cir.1993); Triche v. Regional Elec. & Const. Inc., 95-0105 (La.App. 1 Cir. 10/6/95), 671 So.2d 425; Coolman v. Global Torque Turn, Inc., 93-664 (La.App. 3 Cir. 2/2/94), 631 So.2d 106, 109, writ denied, 94-0531 (La.4/22/94), 637 7So.2d 158; and Berry v. River City Timber, 27,364 (La.App. 2 Cir. 9/27/95), 661 So.2d 668, writ denied 95-2612 (La.1/5/96), 666 So.2d. 293. In addition, Star avers that from a reading of these provisions the meaning of the law is clear and free from ambiguity and, therefore, we may not disregard their meaning under the pretext of pursuing its spirit, citing La. R.S. 1:4.[3]
There are, however, other rules of statutory interpretation equally applicable to this contention. For instance, under La. C.C. art. 13, laws on the same subject matter must be interpreted in reference to each other.
While courts must generally interpret statutes as written, statutes on the same subject should be construed in harmony and unnecessary conflict should be avoided. Courts should give effect to all parts of a statute, and not adopt a construction making any part superfluous or meaningless, if that result can be avoided. Additionally, ‘[t]he object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result.’
First Nat. Bank v. Beckwith Machinery, 94-2065 (La.2/20/95), 650 So.2d 1148, citations omitted.
_[sjWith regard particularly to worker’s compensation laws, such laws must be given a liberal interpretation to effect their beneficent purpose of relieving workers of the economic burden of work-connected injuries by diffusing the cost in the channels of commerce. Brooks v. Chicola, 514 So.2d 7 (La.1987); Darbonne v. M & M Right of Way Contractors, 96-1730 (La.App. 3 Cir. 4/30/97), 693 So.2d 299. However, the quasi-penal nature of La. R.S. 23:1102(B) requires that we construe it strictly, Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918, 924 (La.App. 1 Cir.1989), writ denied, 545 So.2d 1040 (La.1989); Darbonne, supra.
Our next consideration is the construction and meaning of these statutes together with each other. In La. R.S. 23:1103, the employer is given a preference in the tort award obtained by the employee. The last paragraph of the statute reads as follows:
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding *861 upon or affect the rights of the others unless assented to by him.
We have thoroughly considered the meaning of these statutes together and are unable to see it with the clarity which defendant claims. We find that La. R.S. 23:1102 is ambiguous when read in pari materia with the last paragraph of La. R.S. 23:1103 because:
La. R.S. 23:1103 states that compromises into which the employee enters, and to which the employer does not consent, do not affect the rights of the employer — put another way, those compromises which require thejgassent of the employer are those which affect his rights. Defendant would have us interpret La. R.S. 23:1102 as requiring the approval of the employer in all compromises, whether or not any of the employer’s rights or liabilities are determined therein. We cannot and do not agree.
In cases prior to 1990, it was determined that the employer could not be reimbursed for compensation which it paid out of the general damages received by an employee in a third party tort situation.
Accordingly, reimbursement to the compensation insurer in this case must necessarily be limited only to the damage awards for loss of earnings and medical expenses. An injured worker, as any other tort victim, is entitled to his full recovery for non-eeonomie losses. There should be no reduction in his award for the pain and suffering element simply to give a compensation insurer full reimbursement. As we stressed in Fontenot, the Louisiana Worker’s Compensation Law only requires reimbursement to the extent that damages for lost wages and medical expenses are recovered from a third party tortfeasor. No preference is granted to the compensation intervenor over the employee’s award for pain and suffering. In this way, the true purpose of the compensation law will be fulfilled.

Brooks, supra.

Therefore, it appears that, (at least in these pre-1990 cases), if the employer had no right to reimbursement from the general damage award of claimant, and if none of the employer’s statutorily granted rights of reimbursement were disposed of in the compromise, then the employer was not obliged to consent to the compromise under La. R.S. 23:1103. If wejiosubscribed to defendant’s interpretation of La. R.S. 23:1102, it would create a conflict. Construing the statute so as to produce a reasonable result, and in such a way so as to effect its beneficent purpose as mandated in Brooks, supra, and other cases, we hold that the compromise agreement in the present case, which dealt with only general damages and reserved to Star the right to pursue its full remedy against GE, did not require the written agreement of Star. Under the pre-1990 law, there was no reason for the employer to give its assent because none of its rights were at issue. Indeed, the very fact that Star did go forward with its indemnity claim bolsters our conclusion that Star was not prejudiced by the actions of Johnson in compromising the claim without its consent. The fact that Star chose to settle for less than the full amount of indemnity to which it was entitled does not alter this determination, and its decision to settle ought not to prejudice the claimant. Therefore, we find no manifest error in the judgment of the trial court.
The cases cited by defendant do not address the issue on which we find the present case turns and, therefore, we shall not address them.
Relative to the failure of the court to award costs and attorney fees on the failure of Johnson to admit that Star did not consent to the compromise, we find that La. C.C.P. art. 1472 states:
If a party fails to admit the genuineness of any document or the truth of any matter as requested under Article 1466, and if the party requesting the admissions thereafter proves the genuineness of the | udocument or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney’s fees. The court shall make the order unless it finds that the request was held objectionable pursuant to Article 1467, or the admission sought was of no substantial importance, *862 or the party failing to admit had reasonable ground to believe that he might prevail on the matter, or there was other good reason for the failure to admit.
The record does not disclose any expenses suffered by the defendant in traversing the request for admission, which was done by stipulation at the beginning of trial. Accordingly, we find no error by the trial court in failing to award damages under La. C.C.P. art. 1472.
For the foregoing reasons the judgment is affirmed.
AFFIRMED.

. The record is not clear on the amount o£ benefits paid by Star on behalf of Johnson. The trial courl stated the amount was “approximately $30,000.00.”

. Section 3 was repealed effective January 1, 1990, and is not relevant to the present proceedings; by that same act, Section 4 was redesignat-ed as Section 2.

. La. R.S. 1:4 reads:
When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.