798 So.2d 200 (2001)
Sylvia MOOERS and Dean L. Mooers
v.
Lina SOSA.
No. 01-CA-286.
Court of Appeal of Louisiana, Fifth Circuit.
September 25, 2001.
*202 David J. Maraldo and Jack E. Morris, Metairie, LA, Counsel for Lina Sosa, Defendant-Appellant.
Laura A. Tuggle and Charles M. Delbaum, New Orleans, LA, Counsel for Sylvia and Dean Mooers, Plaintiffs-Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD.
*203 WALTER J. ROTHSCHILD, Judge.

FACTS AND PROCEDURAL HISTORY
On July 12, 1991, the parties entered into an agreement, styled as an "affidavit," that provided for the sale of property located at 931 Hickory Avenue in Harahan, Louisiana for the sum of $45,000.00. The agreement provided that Mr. and Mrs. Mooers would pay an initial down payment of $7,500.00 to Ms. Lina Sosa on or about July 17, 1991 and a second down payment of $7,500.00 on or before January 15, 1992. Upon payment of the second $7,500.00, the monthly payments would be reduced from $373.10 to $322.39, based on the reduced principal balance of $30,000.00 to be financed at an interest rate of 10% for a period of 15 years. The agreement further provided that "Ms. Lina Sosa shall retain the title to the subject property until the full $15,000.00 as down payment is received by the seller, after at which time the title of said property will be transferred to the purchasers Sylvia and Dean Mooers...."
The Mooers paid Ms. Sosa the initial down payment of $7,500.00, but they did not pay the second $7,500.00 in January 1992. Mr. Mooers testified that he could not make the second $7,500.00 payment at that time due to lack of funds. In July of 1992, the parties entered into a verbal agreement to modify the terms of the initial agreement, whereby the Mooers would pay $2,500.00 to Ms. Sosa immediately and then they would pay the remaining $5,000.00 at a later date. Mr. Hernandez, who is Ms. Sosa's son-in-law and agent/representative, testified that the $5,000.00 was due within 30 days, but Mr. Mooers did not recall the agreement requiring payment of the $5,000.00 within 30 days. Mr. and Mrs. Mooers did not tender the $5,000.00 payment to Ms. Sosa. Rather, they continued to make monthly payments of $380.00 or greater to Ms. Sosa, and she accepted them for the next seven years.
In July of 1999, the Mooers' applied to Ameriquest Mortgage Company for financing to pay off the balance due on the property. An appraisal of the property was performed in connection with the mortgage application and it appraised for $109,000.00. Michael Bienvenu, another son-in-law of Ms. Sosa, worked at Ameriquest Mortgage Company. Mr. Bienvenu spoke with Mr. Hernandez in July of 1999 to determine if he would accept approximately $20,000.00 as a closeout figure or payoff for the Mooers' loan application. Mr. Hernandez wrote a letter to Ameriquest dated July 21, 1999, in which he asserted that the Mooers were in breach of their agreement because they did not pay the remaining $5,000.00 down payment and that, considering the $10,000.00 paid as down payments and the monthly payments previously tendered, Ms. Sosa was willing to sell the property to them for an additional $59,000.00.
On October 6, 1999, Mr. and Mrs. Mooers filed a "Petition for Specific Performance and Damages" seeking to enforce the terms of the original agreement or "affidavit," which provided for a selling price of $45,000.00. They later amended their petition to seek a declaratory judgment that the agreement between the parties was a bond for deed. Ms. Sosa answered the petition and filed a reconventional demand alleging that the agreement between the parties was a rental agreement and seeking possession of the property and damages. She filed an amended reconventional demand alleging fraud and seeking damages, and she filed an application for expenses and attorney's fees pursuant to LSA-C.C.P. art. 1472 for alleged discovery violations.
*204 Trial of this matter was held on September 21, 2000 and September 26, 2000. On November 30, 2000, the trial court rendered judgment in favor of the plaintiffs, Mr. and Mrs. Mooers, declaring the agreement between the parties to be a bond for deed and granting their request for specific performance. The trial court dismissed the reconventional demand and the claim for damages and attorney's fees filed by Ms. Sosa. It is from this judgment that Ms. Sosa appeals.

LAW AND ARGUMENT
In her first assignment of error, Ms. Sosa contends that the trial court erred in dismissing her exception of no cause of action. She contends that the Mooers' petition does not state a cause of action for specific performance, because an agreement to sell immovable property must be in writing. She argues that the petition indicates that there was a modification of the terms of the original agreement, but the petition does not assert that the modification was in writing. The Mooers contend that the petition states a cause of action because the original agreement was in writing and any subsequent modification of this agreement does not negate a cause of action for specific performance of the original agreement to sell the property for $45,000.00.
The purpose of a peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether or not the plaintiff is afforded a legal remedy based upon the facts alleged in the petition. Lybrand v. Newman, Drolla, Mathis, Brady & Wakefield, 95-9 (La.App. 5 Cir. 10/31/95), 663 So.2d 850, 852; Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843, 846. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action. Id. If the allegations in the petition state a cause of action as to any part of the demand, the exception of no cause of action must be overruled. Franks v. Duvall, 576 So.2d 1194, 1195 (La.App. 5 Cir.1991).
LSA-C.C. art.1986 provides, in pertinent part:
Upon an obligor's failure to perform an obligation to deliver a thing, or not to do an act, or to execute an instrument, the court shall grant specific performance plus damages for delay if the obligee so demands. If specific performance is impracticable, the court may allow damages to the obligee.
In their petition, the plaintiffs asserted that there was a valid contract between the parties binding Ms. Sosa to convey the property in question to the Mooers. A copy of this written agreement was annexed to the petition. The plaintiffs further pled that Ms. Sosa had refused to convey the property to the Mooers in accordance with the terms of the agreement. Therefore, Considering and accepting the facts pled in the petition as true, we find that the plaintiffs have clearly stated a cause of action for specific performance of the agreement, in accordance with LSA-C.C. art. 1986. Accordingly, the defendant's first assignment of error is without merit.
The defendant's second and third assignments of error are related and should be addressed simultaneously. In her second assignment of error, Ms. Sosa asserts that the trial court erred in granting the Mooers' request for specific performance. In her third assignment of error, Ms. Sosa contends that the trial court erred in declaring the affidavit to be a "bond for deed."
The defendant contends that the trial court abused its discretion in allowing the plaintiffs to amend their petition "in *205 the eleventh hour" to ask for a declaratory judgment decreeing that the affidavit is a bond for deed. However, the plaintiffs filed their original "Motion for Leave to Amend Prayer" on June 16, 2000 and their "Renewed Motion for Leave to Amend Prayer" on June 23, 2000. The trial court held a hearing on this matter and granted the plaintiffs' motion on August 8, 2000. In the judgment, the trial court agreed to grant a continuance of the trial, which had been set for August 10, 2000, if either party requested a continuance due to the court's ruling allowing both the plaintiffs and the defendant to amend their pleadings. Trial of this matter was not held until September 21, 2000.
The amendment of pleadings should be liberally allowed if the movant is acting in good faith, the amendment is not a delaying tactic, the opponent is not unduly prejudiced, and the trial of these issues is not unduly delayed. LSA-C.C.P. Art. 1154; Giron v. Housing Authority of Opelousas, 393 So.2d 1267 (La.1981); Kold, Inc. v. H & A Gas Purchasing, Inc., 91-1086 (La.App. 3 Cir. 11/17/92), 609 So.2d 328, 330. In this case, the petition was amended over a month prior to the date that trial was held. Furthermore, the plaintiffs had argued that the affidavit was a "bond for deed" several months prior to amending their petition and thus, this argument should have come as no surprise to the defendant. The defendant has not shown that she was prejudiced by the amendment or that any undue delay in the proceedings occurred due to the amendment of the plaintiffs' petition. Accordingly, the trial judge did not abuse his discretion when he allowed the plaintiffs to amend their petition, and this argument is without merit.
LSA-R.S. 9:2941 provides:
A bond for deed is a contract to sell real property, in which the purchase price is to be paid by the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.
In this case, the July 12, 1991 agreement is clearly a bond for deed. The contract provided for the sale of real property and the purchase price was to be paid in installments. Furthermore, Ms. Sosa had agreed to convey title to the Mooers upon receipt of the total $15,000 down payment. Although LSA-R.S. 9:2943 provides that the payments shall be made to an escrow agent, this only applies to bond for deed contracts burdened with a mortgage or privilege. There has been no showing that there was a mortgage or privilege in this case.
Ms. Sosa argues that the Mooers' occupancy of the property was that of tenants on a month-to-month lease. However, the language of the affidavit refers to the parties as "purchasers" and "seller" and uses such terms as "down payment," "house payments" and "costs of closing of the act of sale." Nowhere in this document does it refer to the parties as "lessor" or "lessees," nor does it use any terminology indicative of a lease. Additionally, numerous receipts for the monthly payments contain the words "house payment" on them. Furthermore, the Mooers occupied the premises peacefully for over seven years after the alleged breach of the modification to the agreement during which they made repairs and remodeled the property. The evidence overwhelmingly supports the plaintiffs' position that they were purchasing, not leasing, the property.
Considering the evidence, the testimony, and the applicable law, we find that the trial judge was correct when he found the agreement at issue to be a bond for deed. Accordingly, the defendant's argument with regard to this issue is without merit.
*206 The defendant contends that even if the affidavit were sufficient to qualify as an enforceable contract for the sale of immovable property, the Mooers agree that they breached it and therefore, they are not entitled to specific performance. She further contends that an agreement to sell immovable property must be in writing, and the modification to the original agreement is not in writing.
The Mooers do not deny that they breached the terms of the original agreement when they failed to pay the second $7,500.00 down payment by the due date. The parties agree that there was a modification of the agreement whereby the plaintiffs paid $2,500.00 to Ms. Sosa and agreed to pay $5,000.00 at a later date, but the parties do not agree as to when the $5,000.00 was due. However, whether the modification of the agreement was breached by the Mooers does not affect their claim for specific performance under the original bond for deed contract. A purchaser under a bond for deed contract is entitled to 45 days notice of default before a bond for deed contract may be cancelled. LSA-R.S. 9:2945; Leinhardt v. Marrero Land & Imp. Ass'n, Ltd., 137 So.2d 387, 389 (La.App. 4 Cir. 1962). Such notice was not provided to the plaintiffs in this case and they were not given the opportunity to cure the default. In fact, Ms. Sosa continued to accept monthly payments from the Mooers and the Mooers continued to make improvements and repairs to the property. Therefore, the defendant is not entitled to cancel the bond for deed because the requirements of LSA-R.S. 9:2945 regarding cancellation were not met.
Although the defendant claims that the modification of the terms of the original agreement was not in writing and is invalid, parol evidence is admissible to prove that a written agreement was modified by a subsequent and valid oral agreement. LSA-C.C. art. 1848. See Teche Realty & Inv. Co., Inc. v. Morrow, 95-1473 (La.App. 3 Cir. 4/17/96), 673 So.2d 1145, wherein the Court held that testimony by a purchaser of real estate regarding a modification to the purchase agreement by a subsequent and valid oral agreement was admissible under the exception to the parol evidence rule. However, even if the modification of the original agreement had been invalid because it was not in writing, as defendant argues, this would not negate the plaintiffs' claims. It is the original agreement that is the bond for deed that the Mooers are seeking to enforce and the Mooers were entitled to 45 days notice of default regarding this agreement.
It is clear that the agreement was a bond for deed and that the Mooers were entitled to 45 days notice of default before Ms. Sosa could cancel the bond for deed. Therefore, the Mooers are clearly entitled to specific performance of the agreement which provided for the sale of the property to the Mooers for a total of $45,000.00. Accordingly, this assignment of error is without merit.
In her fourth assignment of error, Ms. Sosa asserts that the trial court erred in denying her motion for judgment as a matter of law. She contends that the plaintiffs had failed to put forth any evidence of a valid and enforceable agreement for the sale of immovable property upon which the trial court could grant specific performance.
LSA-C.C.P. art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon *207 the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
We have considered the merits of the plaintiffs' case and have found that the agreement between the parties was a bond for deed and they are entitled to specific performance. Therefore, the defendant's motion for judgment as a matter of law was not meritorious and was properly denied by the trial court. Accordingly, this assignment of error is without merit.
In her fifth assignment of error, Ms. Sosa argues that the trial court erred in denying her reconventional demand for fraud. She contends that the Mooers committed fraud because they produced a receipt for the $2,500.00 down payment which contained additional notations that were not present when the receipt was originally written. In the account balance section of the receipt, a "3" was added in front of the "5" to indicate a $35,000 balance due on the property. The phrase "Bal. Due $35,000 minus 11 mos. payments" was also added to the receipt. The phrase "additional down payment on House" was present when the receipt was originally written.
Although the Mooers originally denied altering the receipt, it was later discovered that the receipt had been altered, and Mr. Mooers admitted to making the alterations. He testified that he jotted down the terms of the agreement as an aid to his memory.
Fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LSA-C.C. art. 1953. The two elements necessary to establish legal fraud are an intent to defraud or gain an unfair advantage, and a resulting loss or damage. First Downtown Development v. Cimochowski, 613 So.2d 671, 677 (La.App. 2 Cir.1993).
Mr. Mooers contends that he altered the receipt to aid his memory, but Ms. Sosa contends that he altered the receipt to defraud her or to gain an unjust advantage. The trial judge found that Ms. Sosa's claim for fraud was not valid. Considering the testimony in this case, it was reasonable for the court to conclude that Mr. Mooers did not intend to defraud Ms. Sosa when he altered the receipt. Furthermore, even if it had been established that Mr. Mooers intended to gain an unjust advantage by altering the receipt, the Mooers did not rely on the altered receipt at trial and the testimony and evidence did not show that Ms. Sosa suffered any damages that were due to the alteration of the receipt. Therefore, the elements of fraud have not been established in this case, and the trial judge properly dismissed Ms. Sosa's reconventional demand.
In her sixth assignment of error, Ms. Sosa contends that the trial court erred in denying her application for expenses and attorney's fees pursuant to LSA-C.C.P. art. 1472. LSA-C.C.P. art. 1472 provides:
If a party fails to admit the genuineness of any document or the truth of any matter as requested under Article 1466, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees.....
*208 The Mooers initially denied altering the receipt in response to the defendant's request for admission. However, as stated previously, Mr. Mooers later admitted to altering the receipt and the plaintiffs filed an amended response to the request for admission.
Although it has been shown that the plaintiffs failed to initially admit the truth regarding the alteration of the receipt, the defendant has not shown that he incurred any expenses in order to prove that the receipt was altered. In Johnson v. Star Enterprises, 97-461 (La.App. 5 Cir. 12/10/97), 704 So.2d 857, the Court found that the denial of a motion for expenses pursuant to LSA-C.C.P. art. 1472 was proper where the record did not reveal that the defendant suffered any expenses in traversing the request for admission. Accordingly, because the record does not reveal any expenses occurred by Ms. Sosa in traversing the request for admission in this case, the trial court properly denied her application for expenses and attorney's fees. Therefore, this assignment of error is without merit.
In her seventh and final assignment of error, the defendant argues that the trial court erred in denying her motion for contempt.
On July 10, 2000, the parties entered into a consent judgment whereby the Mooers were ordered to continue making monthly payments in the amount of $373.10 during their occupancy of the property at issue. The monthly payments were due on the first of each month, but in no event later than the fifteenth of each month, under penalty of contempt for failure to do so. In August 2000, the Mooers did not make their payment timely.
At the beginning of the trial, the trial judge indicated that he would hear Ms. Sosa's motion for contempt along with the trial and rule on it during the trial. However, he did not rule on it during the trial and the judgment rendered after the trial is silent on the issue of the motion for contempt. Where a judgment is silent as to any part of a demand or any issue that was litigated, that demand is deemed rejected. Talbot v. C & C Millworks, Inc., 97-1489 (La.App. 1 Cir. 6/29/98), 715 So.2d 153, 155.
LSA-C.C.P. art 224 provides that a constructive contempt of court is: 2) "wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." In this case, Mr. Mooers testified that he did not intend to violate the court order to pay the monthly house payment to Ms. Sosa by August 15th, but he had not yet received payment for some work he had done and he simply did not have the funds. He made the payments three or four days late and included the late fee with his payment.
Considering the testimony in this case, it is reasonable to conclude that Mr. Mooers did not wilfully violate the consent judgment. Accordingly, the trial court was not manifestly erroneous in failing to find Mr. Mooers in contempt of court and this assignment of error is without merit.
For the reasons set forth above, we affirm the ruling of the trial court declaring the agreement to be a bond for deed, granting the plaintiffs' request for specific performance, and dismissing the defendant's reconventional demand and claim for damages and attorney's fees pursuant to LSA-C.C.P. art. 1472.
AFFIRMED.