860 So.2d 160 (2003)
Gretchell C. VINET a/k/a Greta Vinet and Gustavo Vinet
v.
ESTATE OF Mariano CALIX and Ruth Calix and Allstate Insurance Company.
No. 03-CA-572.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2003.
*161 Christopher E. Lawler, Christopher P. Lawler, Donovan & Lawler, Metairie, LA, for Appellant.
Raymond S. Steib, Jr., Gretna, LA, for Appellees.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
JAMES L. CANNELLA, Judge.
The Defendant, Allstate Insurance Company (Allstate), appeals from the trial court judgment rendered in favor of the Plaintiff, Gretchell C. Vinet (Vinet), which finds Allstate liable for damages in the *162 amount of $44,056. For the reasons which follow, we affirm.
Vinet filed suit to recover damages for her injuries which resulted when, on August 23, 1996, she fell from the steps leading into the attic of the home in which she was residing. Vinet's parents, Mariano and Ruth Calix (the Calixes), owned the house at 1982 Gaise Street since 1989 or 1990. The house was insured through Allstate. Vinet and her family moved into the house in 1994 and the Calixes moved out. The Calixes maintained insurance on the property entitled "Rental Premises Coverage for 1982 Gaise Street." In order to receive a tax exemption on the property, Vinet entered into a Bond for Deed contract with her parents. The Bond for Deed contract contained provisions requiring Vinet to maintain the property and insurance on the property. Nevertheless, the testimony and exhibits indicate that Mr. Calix did the maintenance and repair work and maintained insurance coverage on the property through Allstate.
On August 23, 1996, Vinet contends that she was cleaning her garage and decided to move some Christmas decorations into the attic. While ascending the pull-down attic stairs, the second step from the top broke, causing her to fall to the floor, injuring her neck and back. She also contends that, although she had a ventral hernia prior to the accident, thereafter, the pain increased and necessitated surgery.
Allstate was notified of the accident and sent to the scene an adjuster, who took pictures. Thereafter, Allstate denied the claim. Ultimately, Vinet filed suit against the Calixes and Allstate, alleging that the Calixes were responsible for repairs and maintenance of the property and that Mr. Calix knew about the defects in the attic stairs.
Allstate denied liability for the accident, contending that the Bond for Deed expressly placed responsibility for repairs, maintenance and obtaining insurance with Vinet. Thus, Allstate argued that, since the Calixes were not responsible for repairs and maintenance of the premises, they were not liable for the defect that allegedly caused the accident. In the alternative, Allstate argued that Vinet was equally at fault for the cause of the accident because she also knew of the defective condition of the property and ignored it to her peril. Allstate filed a motion for summary judgment based on coverage.
Vinet responded to the motion for summary judgment by producing two affidavits from the Calixes.[1] Mr. Calix stated that he had been at the house about a year earlier during a storm, when he went into the attic and noticed and remarked on the shakiness of the attic stairs. He stated further that he had meant to go back and repair the stairs but he did not have the opportunity. He stated that he was certain that had he gone back to repair the stairs, he would have noticed that some of the stairs were missing the support bars underneath and he would have repaired them. In Mrs. Calix's affidavit, she stated that it was neither party's intent to shift the responsibility for repair maintenance and insurance from the Calixes to Vinet and that they had no knowledge of a provision in the contract that did so. She further stated that the Calix's retained the responsibility for repairs, maintenance and insurance after the Bond for Deed contract was executed. The trial court denied the motion for summary judgment.
*163 Thereafter, on October 21, 2002 the case went to trial before the judge. Following trial on the merits, the trial judge rendered judgment with reasons in open court on November 6, 2002 and signed on November 7, 2002, a ruling in favor of Vinet in the amount of $44,056, finding that Vinet and the Calixes had amended the Bond for Deed by their mutual consent and that the Calixes retained responsibility for maintenance and repair and for maintaining insurance on the premises. Allstate provided insurance coverage for "rental" property. The trial court also found that Mr. Calix had knowledge of the defective attic stairs and failed to repair them, making him liable for the injuries sustained by Vinet when she fell, due to their defective condition. As to her damages, the trial court expressly concluded that Vinet was credible and found that her hernia condition, although existing at the time of the fall, was worsened by the fall and the prescribed physical therapy, necessitating surgery on the hernia. Thus, the trial court awarded damages for the neck and back injuries directly resulting from the fall and for the hernia surgery which was made necessary by the fall. The judgment and the reasons were silent as to any finding of Vinet's comparative fault, thus it is presumed that the trial court found none.[2] It is from this judgment that Allstate appeals and assigns four errors.
In its first assignment of error, Allstate argues that the trial court erred in finding the Calixes, and thereby Allstate, liable for the accident. More particularly, Allstate argues that the language of the Bond for Deed, designating responsibility for maintenance, repairs and insurance to Vinet, precludes their liability. We disagree.
While the original language of the Bond for Deed did in fact place responsibility for maintenance, repairs and insurance in Vinet, what Allstate overlooks is the well settled legal principle that a contract may be modified by the mutual consent of the parties. As found by the trial court, and supported by the record, the Calixes and Vinet never intended that Vinet should be responsible for the maintenance and repair of the property and, in fact, Mr. Calix continued to make any necessary repairs to the property and took care of the maintenance of the property after the Bond for Deed was signed. It is also clear that the Calixes continued to maintain the insurance on the property and that Allstate was well aware of the rental nature of the property. The evidence indicated that a year prior to the accident, Mr. Calix made a claim on Allstate for storm damage to the roof and had it repaired. Additionally, the insurance agreement indicated that the property being insured at 1982 Gaise Street was being rented.
While Allstate takes issue with the credibility of the affidavits by the Calixes and the testimony of Vinet supporting the finding that the Calixes continued to be responsible for the maintenance and repair of the property, the trial court made an express credibility finding on this point and found all three to be credible. It is well settled that the fact-finder's reasonable evaluations of the credibility of witnesses will not be disturbed on appeal absent a finding that they are manifestly erroneous. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). We make no such finding in this case. The trial court's credibility determinations are supported by the record. Moreover, Allstate's suggestion that the affidavits lack credibility *164 has already been rejected by this Court in its action on the motion in limine, finding that the affidavits were admissible. Vinet v. Estate of Calix, supra.
Therefore, we find no error in the trial court finding that the Calixes and Vinet reformed the Bond for Deed by their mutual consent and that the Calixes retained responsibility for maintenance and repair as well as maintaining insurance on the property.
Next, Allstate argues that the trial court erred in not finding that Vinet bears some comparative fault for her injury. Allstate points out that the incident referred to as evidence of Mr. Calix's knowledge of the defective condition of the attic stairs should also support a finding of comparative fault on the part of Vinet because Vinet was present at that time and held the shaky stairs for her father.
We find that the record clearly indicates that Vinet knew, as did her father[3], that the attic stairs were shaky. Had Vinet fallen from the stairs because they wobbled under her and she lost her balance, we would agree with Allstate's argument. However, that is not what caused Vinet's fall. In fact, it was not the shaky nature of the stairs that caused her fall, but rather the complete failure, dislodging or breaking of the second stair from the top. There is no evidence in the record that Vinet knew or had any reason to know that the steps themselves were not properly supported or attached and that there was a danger of one stair coming apart.
Allocation of fault, for purposes of comparative negligence, is a factual determination subject to the manifest error rule. Moreau v. North American Fire and Casualty Insurance Co., 01-0976 (La. App. 5th Cir.12/26/01), 806 So.2d 809. Based on our review of the record in this case, we find no error in the trial court determination that Vinet was not partially at fault in causing the accident.
Allstate argues that the trial court erred in finding that Vinet's hernia surgery was necessitated by her fall from the attic step. The defense argues that Vinet was diagnosed with the hernia in 1995 and fell in August of 1996. Vinet made no complaints of abdominal pain from the time she fell from the attic stairs until she fell from a trampoline in January of 1997, about six months later. She had the hernia surgery shortly thereafter. Thus, Allstate argues that Vinet did not meet her burden of proving that the fall from the attic stairs necessitated the hernia surgery.
Vinet argues that, when the evidence shows that a person was in good health prior to an accident and is symptomatic after the accident, causation is presumed. It is thereafter Allstate's burden to show that some other incident caused the injury. Allstate offered no evidence that the surgery would have been necessary absent the aggravation by the fall and physical therapy or that the hernia surgery was necessary due to an intervening cause. Moreover, argues Vinet, the issue is factual and should not be overturned absent a finding that the fact-finder was clearly wrong.
It is well settled that a defendant takes his victim as he finds her and is responsible for the probable consequences of his tortious act. Matta v. Snow, 01-0760 (La.App. 5th Cir.1/15/02), 807 So.2d 934. When the tort victim is in good health before the accident, then there is a *165 presumption that the injuries resulted from the accident, provided that the medical evidence establishes a reasonable possibility of causation. Maranto v. Goodyear Tire & Rubber Co., 94-2603, 94-2615 (La.2/20/95), 650 So.2d 757; Oubre v. Union Carbide Corp., 99-0063 (La.App. 5th Cir.12/15/99), 747 So.2d 212; Shamsnia v. United Services Auto. Ass'n., 97-399 (La. App. 5th Cir.10/28/97), 701 So.2d 1051; writ denied, 97-2964 (La.2/6/98), 709 So.2d 739. The defendant is then required to go forward with evidence to show some other incident which could have caused the injury. Maranto, supra; Oubre, supra.
In this case, Vinet testified that although she had been diagnosed with the hernia, it was not causing pain requiring surgery until after the fall. She testified that sometime thereafter, the pain increased until it was intolerable, necessitating the surgery. The trial court found her testimony credible and made the factual determination that the fall plus the physical therapy that she was required to undergo because of the fall exacerbated the hernia problem which lead to the need for the surgery. Allstate did not come forward with any evidence to show that the hernia surgery would have been necessary absent the fall or that the surgery was necessitated by an intervening cause. Therefore, we find no error in the trial court ruling that the fall caused the exacerbation of the hernia problem.
Finally, Allstate argues that the trial court erred in not finding that Vinet had been impeached and instead finding her testimony to be credible. As stated above, credibility determinations are best made by the trial judge and are not to be overturned by the appellate court absent a finding of manifest error. It is not for the appellate court to make its own factual determinations, but rather, to determine whether those made by the trial court were reasonable. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). While we do find some discrepancies in Vinet's testimony, as pointed out by Allstate, we do not find it of sufficient magnitude to conclude that the trial court was manifestly erroneous in believing her testimony. Rather, we find that there was other evidence in the record that lent support to her testimony and bolstered her credibility. Therefore, we find no error in the trial court credibility determinations.
Accordingly, based on the foregoing reasons, we affirm the trial court judgment in favor of Vinet and against Allstate in the amount of $44,056. Costs of appeal are assessed against Allstate.
AFFIRMED.
NOTES
[1] Allstate filed a motion in limine to exclude the two affidavits. The trial court granted the motion. However, on Vinet's writ application to this Court, we granted the writ and reversed the trial court, ruling that the affidavits were admissible. Vinet v. Estate of Calix, 01-C-1061 (La.App. 5th Cir.10/16/01).
[2] Where a judgment is silent on an issue raised at trial, it is presumed that the trial court rejected it. Mooers v. Sosa, 01-286 (La.App. 5th Cir.9/25/01), 798 So.2d 200.
[3] In Mr. Calix's affidavit, he stated that he knew that the stairs were shaky and that if he had gone back to repair them he would have noticed that some of the steps were missing the support bars underneath them and would have fixed them.