865 So.2d 205 (2003)
Christopher AHNER and Jennifer Ahner, individually and on behalf of their Minor Daughter, Amanda Ahner
v.
Mark HATFIELD and State Farm Mutual Automobile Insurance Company.
No. 2003-CA-0632.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 2003.
*206 Michelle D. Robert, New Orleans, LA, for Plaintiff/Appellee.
Fred M. Trowbridge, Jr., Porteous, Hainkel & Johnson, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, and DENNIS R. BAGNERIS SR.).
CHARLES R. JONES, Judge.
The Appellant, State Farm Fire and Casualty Company, appeals the judgment of the district court granting summary judgment in favor of the Appellees, Christopher Ahner, his wife, Jennifer Ahner, and their daughter, Amanda Ahner. The judgment in which the Appellant seeks review is interlocutory, therefore, this appeal is converted to a writ application, and shall be considered under our supervisory jurisdiction.[1]

FACTS AND PROCEDURAL HISTORY
On February 12, 2000, Christopher Ahner, was involved in an automobile accident in which an intoxicated driver, Mark Hatfield, struck Mr. Ahner's vehicle seriously injuring him. On February 5, 2001, Mr. Ahner, Jennifer Ahner, and Amanda Ahner, filed a Petition for Damages against Mr. Hatfield who was uninsured, and State Farm Mutual Automotive Insurance Company in its capacity as Mr. Ahner's uninsured/underinsured motorist carrier. The Respondents filed suit against State Farm Mutual Automotive Insurance Company based on an insurance policy issued to his mother, Ms. Delia Anderson Clawson. Based on an umbrella policy issued to Ms. Clawson, the Respondents amended their petition adding State Farm Fire and Casualty Company. On June 25, 2002, State Farm Fire and Casualty Company filed a Motion for Summary Judgment, alleging that Mr. Ahner was not entitled to coverage. The Relator further argues that according to the terms of the policy, Mr. Ahner was "not the named insured, is not a resident relative of the named insured, and was not a passenger in either a vehicle insured by the policy or driven by the named insured when the accident occurred." Mr. Ahner, however, argued that State Farm Fire and Casualty Company on its own volition added Mr. Ahner as an additional insured under the policy, and increased the premium in which Ms. Clawson paid. State Farm Fire and Casualty Company argued that it only added Mr. Ahner to the policy and raised the premium after Mr. Ahner falsely reported to them that he was a resident of his mother's home on policies issued by State Farm Mutual Automobile Insurance Company to Mr. Ahner and his wife. On January 27, 2003, the district court denied the Motion for Summary Judgment filed by State Farm Fire and Casualty. The *207 parties filed a Joint Motion and Order To Make Judgment Final. State Farm Fire and Casualty now seeks review of the January 27, 2003 judgment of the district court.

DISCUSSION
In the Joint Motion for Summary Judgment, the parties aver that there was "no just reason for delay." This Court ordered the Relator to show cause why the judgment was not "interlocutory in nature and lacking proper certification by the district court as required by La. C.C.P. art. 1915." The Relator submitted a brief essentially reiterating the sentiments of the Joint Motion and Order To Make Judgment Final. We further submit that we agree with the dissent articulated by Judge Kuhn in Motorola, Inc. v. Associated Indemnity Corp., XXXX-XXXX (La.App. 1 Cir. 10/22/03), 867 So.2d 723, 2003 WL 22404944. Judge Kuhn wrote:
Louisiana Code of Civil Procedure article 1915B(1) expressly provides that a partial judgment shall not constitute a final judgment unless it is designated by the court after an express determination that there is no just reason for delay. There is nothing ambiguous or unclear in the language employed by the legislature. Simply stated, article 1915B(1) means that when the trial court renders a partial judgment or partial summary judgment, it must expressly determine why the parties are entitled to an immediate appeal.
Consequently, this Court, by Order dated September 2, 2003, converted this appeal to an application for supervisory writ for the reasons stated as follows:
The mere use of the cursory language "there is no just reason for delay" is insufficient to meet the requirements of La. C.C.P. art. 1915(B)(1). This article provides that the district court must make an express determination that there is no just reason for delay before a partial judgment can be designated as a final judgment. [Emphasis in Original]
As for the merits of the writ application, we first examine the policy.
The Personal Liability Umbrella Policy issued to Ms. Clawson defines an insured covered as:
a. the named insured;
b. the following residents of the named insured's household:
(1) the named insured's relatives; and
(2) anyone under the age of 21 under the care of a person named above; and
c. a person or organization while using or holding an automobile, recreational motor vehicle, or watercraft owned by, rented by, or loaned to the named insured, provided that the named insured gave permission for the type of use. A person or organization is not an insured if the use or custody is in the course of an automobile sales or service business or without the named insured's permission.
According to the language of the policy, Mr. Ahner would not be covered under the provisions, as it is undisputed that he does not fit within the definition of an insured. However, State Farm Fire and Casualty instituted and accepted a change in the policy, and further accepted payment in regard to the change. Ms. Clawson also accepted those changes and made payments reflecting the change. The statement issued by State Farm Automobile Insurance Company dated August 28, 1998 to January 3, 1999 evidences the modification. The declarations page of the statement in the section entitled "exceptions and endorsements" specifically stated *208 that Christopher L. Ahner was included as an additional insured and lists his address at 8810 Gervais Street, New Orleans, Louisiana, 70127 1038. Ms. Clawson's address was listed on this statement as 22511 Longleaf Dr. in Covington, Louisiana. Apparently, State Farm Automobile Insurance Company was aware that Ms. Clawson and Mr. Ahner were not residing in the same home. There is further language demonstrating a modification to the policy on the statement which indicated that this policy numbered 5606652-A03-18G replaced policy number XXXXXXX-XXF. Additionally, there was a notice attached to this statement issued by both State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company which expressly stated that:
Coverage A of your policy is extended to the party named on the declarations page as an Additional Insured.... The Additional Insured:
1. has the same right of recovery under this policy as before;
2. is not liable for any premium or other expense under this policy;
3. is not a member of the State Farm Mutual Automobile Insurance Company of Bloomington, Illinois.
This policy will not be changed or terminated as to the interest of the Additional Insured unless we give such insured notice.
It is well settled that a contract may be modified by the mutual consent of the parties. Vinet v. Estate of Calix, XXXX-XXXX (La.App. 5 Cir. 10/28/03), 860 So.2d 160. Modification of the contract can be presumed by silence, inaction, or implication. L & A Contracting Co., Inc. v. Ram Indus. Coatings, Inc., XXXX-XXXX (La.App. 1 Cir. 6/23/00), 762 So.2d 1223. Clearly, the parties agreed that Mr. Ahner was covered as an additional insured and was afforded all rights of recovery granted to Ms. Clawson.
The district court relied on a concept that is typically discussed in disputes arising out of the doctrine of accord and satisfaction. However, the concept is apropos in this instance. As also reasoned by the district court, State Farm Fire and Casualty Company cannot tacitly accept a change, accept payment as a result of the change, and opt to return the money to the insureds post accident to avoid liability. When a debtor tenders a check as payment in full of an obligation due under contract to his creditor, although a dispute exists, this offer by the debtor confers on the creditor a specific right to consent to full satisfaction of the debt by accepting the check or to retain his right under the prior agreement by rejecting the check. Without the debtor's express or tacit consent, the creditor cannot make use of the check and then renounce the condition upon which the debtor made the offer. RTL Corp. v. Manufacturer's Enterprises, Inc., 429 So.2d 855 (La.1983). In other words, Ms. Clawson has a reasonable expectation to receive coverage for her son, Mr. Ahner, after State Farm continuously, without objection, accepted full payment for the additional coverage and even indicated their acceptance in writing.

DECREE
Thus, for the reasons assigned above, the writ application filed by the Relator, State Farm Fire and Casualty Company is hereby DENIED.
APPEAL CONVERTED TO WRIT APPLICATION; WRIT DENIED.
NOTES
[1] Since the appeal is being converted to a writ application, State Farm Fire and Casualty will be referenced as the Relator, and Christopher Ahner, Jennifer Ahner, and Amanda Ahner will be referenced as the Respondents for the remainder of this opinion.